511 F.Supp. 70 (1980)
Fonda FANTROY et al., Plaintiffs,
v.
GREATER ST. LOUIS LABOR COUNCIL, AFL-CIO et al., Defendants.
No. 78-1101C(4).
United States District Court, E. D. Missouri, E. D.
October 6, 1980.
Richard M. Marshall, Marshall, Littman & Ragland, St. Louis, Mo., Baker Armstrong Smith, Atlanta, Ga., Thomas J. Brackett, Herndon, Va., for plaintiffs.
Clyde E. Craig, Wiley, Craig, Armbruster, Wilburn & Mills, St. Louis, Mo., James G. Walsh, Jr., Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for intervenor-defendant.
Ward Fickie, Biggs, Casserly, Barnes, Fickie & Wolf, St. Louis, Mo., for Lloyd George, Ray Rabadeux, James O'Connor, Dorothy Steinman and Elmer Steinman.
William H. Bartley, John H. Goffstein, Bartley, Goffstein, Bollato & Lange, St. Louis, Mo., for Torpea, Mantia, Leber, Bowman and Pretti.
Kurt Breeze, Jerome A. Diekemper, Cary Hammond, Richard Shinners, Diekemper, Hammond & Shinners, St. Louis, Mo., for Betsy, Ferrara, Findlay, Gehrs, Hatton, Houston, Jersa, Kenny, Kramer, Marsh, Meyer, Murawski, Burrows, Spanberger, Stocker, Timmerberg, Young Dist. No. 9 and Local Lodge 41, IAMAW.
*71 Robert Dierker, Asst. City Counselor, St. Louis, Mo., for Moran, Craft, Camp, Griggs and Farris.
John M. Hessel, Evans, Hoemeke & Casey, St. Louis, Mo., for Kenneth Bisso.
Joseph M. Kortenhof, Amy Reichman, Kortenhof & Ely, St. Louis, Mo., for Charles Jarnigan.
Jerry J. Murphy, St. Louis, Mo., for Leo Whitrock.
Prudence W. Kramer, Sommers & Holloran, Inc., St. Louis, Mo., for Davis.
Gary Hammond, Diekemper, Hammond & Shinners, St. Louis, Mo., for Been, Gault, Hickey, Kelley, Mosley, Waldman, St. Louis Labor Council, Bowman, Leber, Mantia, Pretti and Torpea.
Kurt D. Breeze, Diekemper, Hammond & Shinners, St. Louis, Mo., for Self, Hartzell, Becker and Pruneau.
Daniel J. Popeo, Paul D. Kamenar and Dan Bensing, The Washington Legal Foundation, Dan M. Burt, The Capital Legal Foundation, Washington, D. C., John M. Cannon, Mid-America Legal Foundation, Chicago, Ill., Wilkes Robinson, The Great Plains Legal Foundation, Kansas City, Mo., Wayne T. Elliott, Southeastern Legal Foundation, Atlanta, Ga., amicus curiae.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court following a hearing on September 10, 1980, on the parties' motions related to attorneys' fees, expenses, and costs.
First, plaintiffs move the Court to stay any determination of costs, expenses, or fees pending appeal.
Under 42 U.S.C. § 1988, an award of attorneys' fees, as a reasonable part of the costs, is inextricably related to the merits of a civil rights claim. The statute provides:
In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
To facilitate complete, economical appellate review of all facets of this litigation, plaintiffs' motion for a stay will be denied. See 28 U.S.C. § 1920, providing that a bill of costs, upon allowance by the trial court, may be included in a judgment.
Next, plaintiffs oppose defendants' motions for attorneys' fees under 42 U.S.C. § 1988.
While § 1988 leaves the decision to award attorneys' fees to the discretion of the trial court with the sole proviso that any award be "reasonable," federal courts have hesitated to award attorneys' fees to prevailing defendants unless the defendants have shown that plaintiffs' action was frivolous, harassing, vexatious, unreasonable, without foundation, or in bad faith. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).
Plaintiffs initiated this action on October 16, 1978, filing an eleven-count complaint against approximately sixty defendants to recover damages and injunctive relief. On November 3, 1978, plaintiffs withdrew their request for a temporary restraining order. By January 14, 1980, plaintiffs voluntarily had dismissed thirty-seven defendants. On February 14, 1980, the Court dismissed plaintiffs' tenth claim for relief.
Although plaintiffs continually amended their complaint, statement of their claims remained verbose and indefinite. On March 5, 1980, the Court directed plaintiffs to file an amended complaint to meet the minimal standards mandated by Rule 8 of the Federal Rules of Civil Procedure.
On May 1, 1980, the Court dismissed plaintiffs' ninth claim for relief and eight defendants. At the close of plaintiffs' case, directed verdicts were granted in defendants' favor on the second, fifth, sixth, and eleventh claims for relief. On June 3, 1980, the jury returned verdicts in favor of the four remaining defendants on the first, fourth, seventh, and eighth claims for relief.
This brief outline of the proceedings is not intended to be an appraisal of the merits *72 of plaintiffs' claims. It does illustrate, however, the protracted nature of the litigation.
Defendants assert that plaintiffs unreasonably multiplied the proceedings, vexatiously increasing litigation costs. The Court file is replete with voluminous pleadings and exhaustive discovery materials.
A number of factors legitimately may lengthen a lawsuit. Nevertheless, many actions are extended unnecessarily. A glacial pace of litigation breeds frustration with the federal courts and, ultimately, disrespect for the law. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 757 n.4, 100 S.Ct. 2455, 2459 n.4, 65 L.Ed.2d 488 (1980).
Plaintiffs argue that they pursued their claims in good faith, seeking to vindicate their constitutional rights. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 263, 95 S.Ct. 1612, 1624, 44 L.Ed.2d 141 (1975).
Federal courts liberally construe § 1988 to encourage plaintiffs to institute meritorious suits for the vindication of their constitutional rights. See Pickett v. Milam, 579 F.2d 1118 (8th Cir. 1978). However, courts will assess attorneys' fees against plaintiffs to deter frivolous, harassing, or vexatious actions. See Patzkowski v. United States, 576 F.2d 134, 139 (8th Cir. 1978).
Defendants argue that the Center for National Labor Policy financed and publicized this litigation, seemingly for partisan purposes. While plaintiffs arguably established a civil rights precedent  that political petitioners constitute a protected class under 42 U.S.C. § 1985(3)  the action also served to chill defendants' exercise of their constitutional rights by exposing them to public calumny for deeds ultimately found to be unconnected to them.
A showing of bad faith on plaintiffs' part is not a sine qua non for allowance of attorneys' fees, but merely one of several factors which the Court should evaluate in exercising its discretion under § 1988. Id., remanding to the trial court to consider a full range of criteria to determine if an action was meritless, unreasonable, or vexatious.
The record reveals that plaintiffs filed this action against sixty defendants and continued to pursue the litigation even though claims against forty-seven defendants were dismissed before trial, and the evidence raised jury questions on claims against only four defendants. Although the trial extended four weeks, the jury deliberated less than four hours before determining that plaintiffs' claims had no merit.
After a pragmatic inquiry, focusing on justice under the totality of the circumstances, the Court finds it appropriate to allow defendants, as the prevailing party, reasonable attorneys' fees as part of the costs assessed in this action.
All of the attorneys involved have furnished the Court with detailed information concerning the total number of hours spent, how the time was used, by whom, and the standard hourly rate charged. Plaintiffs have filed detailed opposition to defense counsel's affidavits and had an opportunity to present oral argument before the Court on September 10, 1980.
After meeting with counsel at pretrial conferences, ruling on various pretrial motions, observing counsel's conduct during the four-week jury trial, and being otherwise fully acquainted with the quality of the legal work entailed in defending this action, the Court directs the Clerk of the Court to assess the attorneys' fees included in the attached bill of costs against the plaintiffs. See guidelines set forth in Doe v. Poelker, 515 F.2d 541, 548 (8th Cir. 1975), rev'd on other grounds, 432 U.S. 519, 97 S.Ct. 2391, 53 L.Ed.2d 528 (1977).