Barbara **BRAXTON**, Plaintiff,

v.

**BI–STATE DEVELOPMENT AGENCY and Amalgamated Transit Union Division No. 788, Defendants.**

No. 82–2203C(2).

United States District Court, E.D. Missouri, E.D.

April 1, 1983.

On Motion to Amend Judgment April 26, 1983.

Robert J. Reinhold, St. Ann, Mo., for plaintiff.

Jeffrey E. Hartnet, Bartley, Goffstein, Bollato & Lange, Clayton, Mo., for Amalgamated Transit.

No entry of appearance for Bi-State.

## MEMORANDUM

NANGLE, District Judge.

This case is now before this court on the motion of the defendant Amalgamated Transit Union, Division No. 788 to dismiss the plaintiff's complaint. The defendant offers two grounds in support of its motion to dismiss: first, plaintiff's counsel is engaging in abuse of process through the institution of this suit; and second, plaintiff's suit is time barred due to her failure to bring this cause of action within ninety days of receipt of her right to sue letter. Both of the defendant's contentions are valid and therefore this suit will be dismissed at plaintiff's costs.

This court takes note of the fact that this cause of action arises out of the same set of facts as cause number 82–1460C(2) which was filed by counsel and dismissed by this court as a result of counsel's failure to comply with the local rules and the Federal Rules of Civil Procedure. Subsequently, plaintiff's counsel appealed the dismissal, which is presently before the Eighth Circuit. This court must assume that counsel should know that the correct procedure is to await the resolution of the appeal, rather than to refile a suit with essentially identical allegations. This court considers the institution of this suit to be an abuse of process.

Accordingly, the motion of the defendant to dismiss will be granted, and plaintiff will be ordered to pay costs.

## ON MOTION TO AMEND JUDGMENT

This case is now before this court on the motion of the defendant Amalgamated Transit Union, Local 788, to amend the judgment to include attorney's fees as costs, or in the alternate to request attorney's fees. This cause of action was dismissed by this court on April 1, 1983. In the order, it was concluded that this case should be dismissed because the suit arose out of the same set of facts as cause number 82–1460(C) which was dismissed due to counsel's failure to comply with the local rules and the Federal Rules of Civil Procedure. The appeal of that order is presently before the Eighth Circuit. Also, it should be noted that counsel filed a similar complaint prior to the institution of either of these actions, which was dismissed for failure to prosecute. Cause No. 81–976C(1). Counsel for defendant Amalgamated Transit Union, Local No. 788, now seeks attorney's fees in the amount of $356.25 on the ground that institution of this lawsuit was frivolous and vexatious.

It is the rule that a federal court may award attorney's fees to a prevailing party when his opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Ellis v. Cassidy,* 625 F.2d 227, 231 (9th Cir.1980) *citing Hall v. Cole,* 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1972). Furthermore, Section 706(k) of Title VII of the Civil Rights Act of 1964 allows a court in its discretion to award a reasonable attorney's fee to the prevailing party. The Supreme Court has held that the standard for awarding attorney's fees to a prevailing defendant in a Title VII case is as follows: If it is found "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," then an award is appropriate. *Christianburg Gar-*

*ment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The same standard has been applied to an award of attorney's fees granted pursuant to 42 U.S.C. § 1988. Courts have concluded that a defendant may receive an award of attorney's fees in a proceeding to enforce a provision of 42 U.S.C. § 1981, 1982, 1983, 1985 or 1986 without a showing of bad faith on the part of the plaintiff. *Ellis v. Cassidy,* 625 F.2d 227 (9th Cir.1980); *Fantroy v. Greater St. Louis Labor Council,* 511 F.Supp. 70 (E.D. Mo.1980).

Applying the above principles to the facts of this case it must be concluded that the defendant is entitled to an award of attorney's fees. The institution of this proceeding was clearly frivolous, unreasonable and without foundation. Although it is unnecessary to determine whether the plaintiff's counsel brought this action in subjective bad faith in light of the fact that this action was brought under Title VII and 42 U.S.C. § 1981, this court cannot help but comment that counsel clearly had knowledge of the fact that he had an appeal pending before the Eighth Circuit.

Accordingly, the motion of the defendant to amend this judgment or in the alternative to be awarded attorney's fees will be granted.