Barbara BRAXTON, Appellant,

v.

BI–STATE DEVELOPMENT AGENCY and Amalgamated Transit Union, Local 788, Appellees.

Nos. 82–2506, 83–1018 and 83–1588.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1983.

Decided March 1, 1984.

Rehearing En Banc Denied April 16, 1984.

Robert J. Reinhold, Mo-Il Law Centers of Robert Reinhold, St. Ann, Mo., for appellant.

Harold L. Whitfield, Bi-State Development Agency, St. Louis, Mo., for appellees.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Barbara Braxton's discharge from her job as a bus driver with the Bi-State Development Agency has spawned these three lawsuits, each of which has been dismissed, and each of which has been appealed to this Court. All assert claims based on the same factual situation surrounding the one discharge. In each lawsuit, Braxton alleges race and sex discrimination in violation of 42 U.S.C. § 1981 (1981) and Title VII. In the three separate appeals it is argued that the district court erred in the various procedural reasons given for discharge. Having carefully studied the records in the three cases, we must affirm the dismissal in each of the three.

The first case was filed August 12, 1981. This gives rise to our appeal No. 83–1018. It was assigned to Chief Judge Wangelin. While it named both Bi-State Development Agency and Amalgamated Transit Union Local 788 as defendants, the Local was never served with process. A motion to dismiss filed by Bi-State was denied January 28, 1982, and Bi-State's answer was not filed until May 27, 1982. An order was entered July 30, 1982, setting the case for trial December 6, 1982, and ordering that, not less than ten days before trial, stipulations would be filed, lists of witnesses would be exchanged, exhibits would be marked and other pretrial activities completed. A motion to dismiss for failure to prosecute was filed by Bi-State and sustained by the district court December 1, 1982. 96 F.R.D. 183. Judge Wangelin found that there has been only one effort to obtain service on the union during the time that the case was on file, which did not represent "vigorous prosecution of the lawsuit." In addition, the

dismissal of the second suit was given as a bar to maintaining this action.

The second suit referred to in Judge Wangelin's order and which gives rise to our appeal No. 82–2506 was filed September 13, 1982, and assigned to United States District Judge Nangle. The complaints appear to be identical except that the second-filed complaint had penned interlineation referring to a different charge filed with the Equal Opportunity Employment Commission and a date of June 19, 1982, as the date of the right-to-sue letter instead of May 17, 1981, the date appearing on the first complaint filed. Both Bi-State and the union were served with process in this action. On October 7, 1982, sua sponte, Judge Nangle entered an order dismissing this case for failure to comply with Rule 8(e) of the Federal Rules of Civil Procedure or Rule 3(a) of the Local Rules of the United States District Court for the Eastern District of Missouri. Following a motion for reconsideration, Judge Nangle denied the motion on November 15, 1982, commenting that the complaint considered by him had been an identical xeroxed copy of the complaint earlier filed and assigned to Judge Wangelin, with a few phrases added.

It was made plain in oral argument and it appears in the record of case No. 83–1018, the first case filed, that there had been a three-day hearing before the Missouri Commission on Human Rights in which Braxton and Bi-State had litigated her race and sex discrimination claims. Braxton urged the preparation in this case as an excuse for the lack of file activity pointed to by Judge Wangelin in his dismissal of 83–1018.

From a review of the files in this case we cannot conclude that Judge Wangelin abused his discretion in dismissing the first-filed case for failure to prosecute. This decision is within the sound discretion of the district court. *Moore v. St. Louis Music Supply Co.,* 539 F.2d 1191, 1193 (8th Cir.1976). Such an order should not be disturbed except where there is a clear abuse of discretion. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). Not only was there no

showing of compliance with the pretrial order but there was failure to obtain service on the union, which can be considered as a failure to prosecute. 5 J. Moore, *Moore's Federal Practice* ¶ 41.11(2), at 41–134 (2d ed. 1982); *Anderson v. Air West, Inc.,* 542 F.2d 522, 525 (9th Cir.1976). Rule 15 of the Local Rules of the Eastern District of Missouri permits dismissal for failure to prosecute when a case has not been diligently prosecuted for fifteen months or more. The dismissal was without prejudice.

As failure to prosecute was sufficient grounds to justify dismissal of the case, we need not consider Judge Wangelin's alternative ruling based on the bar of the dismissal of the later-filed case. If there was any error in this respect it was harmless in view of the valid grounds for dismissal on failure to prosecute.

We also conclude that Judge Nangle did not abuse his discretion in dismissing the second-filed action, our case No. 82–2506. Rules of practice adopted by United States District Courts have the force and effect of law. *Rosenfield v. Kay Jewelry Stores, Inc.,* 400 F.2d 89, 90 (10th Cir.1968); *Woods Construction Co. v. Atlas Chemical Industries, Inc.,* 337 F.2d 888, 890 (10th Cir.1964). The rules of the District Court for the Eastern District of Missouri were adopted pursuant to 28 U.S.C. § 2071 (Supp. V 1981). It is for the district court to determine what departures from its rules may be overlooked. *Allen v. U.S. Fidelity & Guaranty Co.,* 342 F.2d 951, 954 (9th Cir.1965). The court did not deal with a complaint filed by a pro se litigant, but rather one filed by a member of the bar. Its determination that a xerox copy with penned deletions and additions did not comply with its rules was not an abuse of discretion.

The third case on appeal, No. 83–1588, was filed during the pendency of the appeal of the two earlier cases. It was dismissed April 1, 1983, on motion by the union on the grounds that the repeated filing was an abuse of process and that the suit was time-barred due to the failure to bring the action

within ninety days after receipt of the right-to-sue letter. 561 F.Supp. 889. The court observed that it had been filed after the earlier action had been appealed to this Court.

■ The trial court did not err in concluding that Braxton's Title VII claim was time-barred by failure to bring the cause of action within ninety days of receipt of the right-to-sue letter. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *Shea v. City of St. Paul,* 601 F.2d 345, 348 (8th Cir.1979).

■ Under Rule 41(b) of the Federal Rules of Civil Procedure a court may dismiss an action for failure to comply with rules or court orders. An action is subject to dismissal for abuse of process. *See Brager v. United States,* 569 F.2d 399, 400–01 (5th Cir.1978); *Nassau County Association of Insurance Agents, Inc. v. Aetna Life & Casualty Co.,* 497 F.2d 1151, 1154 (2d Cir.) *cert. denied,* 419 U.S. 968, 95 S.Ct. 232, 42 L.Ed.2d 184 (1974). Courts have broad and flexible powers to prevent the abuse of their process. An appellate court will reverse a district court's dismissal only upon a showing of an abuse of discretion. 9 C. Wright and A. Miller, *Federal Practice & Procedure,* § 2376 at 248. *Cf. Navarro v. Chief of Police, Des Moines, Iowa,* 523 F.2d 214, 216 (8th Cir.1975); *Welsh v. Automatic Poultry Feeder Co.,* 439 F.2d 95, 96 (8th Cir.1971); *Grunewald v. Missouri Pacific Railroad,* 331 F.2d 983, 985 (8th Cir.1964).

■ Plaintiff's present lawsuit alleges the same claims as those alleged in two prior lawsuits filed in federal court. Braxton filed this third suit while the other two lawsuits were being appealed to this Court. We cannot find that the district court abused its discretion in concluding that plaintiff's filing of a claim for the third time in the face of two pending appeals involving the same cause of action was an abuse of process.

■ On the basis of its finding of abuse of process, the trial court's award of attorney's fees in the amount of $356.25 was appropriate under the authority of *Chris-tiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), and *Fantroy v. Greater St. Louis Labor Council,* 511 F.Supp. 70, 72 (E.D.Mo. 1980).

We find no grounds for reversal of any of the judgments entered against Braxton. Therefore the judgments in these three cases are affirmed.