599 F.Supp. 284 (1984)
Sylvester WILSON, Plaintiff,
v.
CONTINENTAL MANUFACTURING CO., Gayle Schuchmann, Sharon Duey, Joyce L. Sennewald, James Carmichael, Gino Baruzzini, Lester Miller and Richard J. Yenicek, Defendants.
No. 84-462C(1).
United States District Court, E.D. Missouri, E.D.
December 13, 1984.
*285 Sylvester Wilson, pro se.
Ira L. Blank, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on defendants' motion for an award of attorney's fees against plaintiff pursuant to 42 U.S.C. § 1988.

I. BACKGROUND OF THIS CASE
Plaintiff filed his complaint in this case pro se and in forma pauperis. His complaint charged defendant Continental Manufacturing Company (hereinafter "Continental") and seven (7) individual defendants with employment discrimination on the basis of plaintiff's race and sex. This Court construed plaintiff's complaint as relying on Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981.
Defendants did not answer the complaint, but responded with two (2) successive motions for summary judgment. Plaintiff never responded to either motion even though this Court ordered him to respond to the second motion. On the first motion, this Court dismissed the Title VII claim for failure to comply with the statute of limitations. See Order and Memorandum dated April 10, 1984. This left only plaintiff's claims, under § 1981, of race discrimination in employment and retaliatory discharge. These claims were dismissed by this Court's Order and Memorandum dated August 27, 1984. Both § 1981 claims were dismissed as to three (3) of the individual defendants, Miller, Sennewald and Duey, because the complaint lacked allegations of personal involvement on the part of said defendants. The employment discrimination claim was dismissed as to the other defendants on the basis of the collateral estoppel effect of the state administrative *286 finding that plaintiff was discharged for falsifying a company record. The retaliation claim was dismissed because the record established that plaintiff's only charge of discrimination was filed seven (7) days after his discharge. Defendants now seek their attorney's fees incurred in defending plaintiff's claims. Plaintiff did comply with this Court's order to respond to the instant motion. Plaintiff's response does not controvert any of the arguments made by defendants in support of their motion. Plaintiff's response is simply that he is indigent and, hence, should not be required to pay defendants' attorney's fees.

II. DEFENDANTS' RIGHT TO ATTORNEYS' FEES
Section 1988 provides, in pertinent part, as follows:
In any action or proceeding to enforce a provision of Section [] 1981, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs.
42 U.S.C. § 1988. A similar provision appears in § 706(K) of Title VII, 42 U.S.C. § 2000e-5(K), and the two (2) provisions have been held to be coterminous. Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1163 (7th Cir.1983). In Christiansburg Garment Co. v. E.E.O.C., 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court interpreted § 706(K) as requiring an award of attorney's fees to prevailing plaintiffs "in all but special circumstances." Id. at 417, 98 S.Ct. at 698. However, a court should award attorney's fees to a prevailing defendant only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Id. at 421, 98 S.Ct. at 700. See also H.R.Rep. No. 94-1558 at 7 (1976); Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983); Buford v. Tremayne, 747 F.2d 445 at 448 (8th Cir., 1984); American Family Life Assurance Co. v. Teasdale, 733 F.2d 559, 569-70 (8th Cir.1984). The holding of Christiansburg, and its adoption of divergent standards for awarding attorney's fees to prevailing plaintiffs and defendants, rests on a recognition of the divergent purposes of such awards in civil rights litigation. An award to a meritorious plaintiff is intended to "`make it easier for a plaintiff of limited means to bring a meritorious suit'", whereas an award to a meritorious defendant is intended to "`deter the bringing of lawsuits without foundation.'" Id. at 420, 98 S.Ct. at 699. (citations omitted). See also Braxton v. Bi-State Development Agency, 561 F.Supp. 889, 890-91 (E.D.Mo. 1983), aff'd, 728 F.2d 1104 (8th Cir.1984). Moreover, in making a determination of whether a plaintiff's claim was frivolous, unreasonable, or without foundation, a court must not "engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22, 98 S.Ct. at 700.
In the opinion of this Court, plaintiff's action was so frivolous and without foundation that defendants are entitled to an award of attorney's fees. Several facts support this conclusion. First, at the time he filed this action plaintiff was aware that he had been fired for falsifying records, that the state administrative agency agreed that that was the reason for his discharge, and that he had never filed a discrimination charge against defendants until after his discharge. See Smith v. Smythe, Cramer Co., 571 F.Supp. 58, 60 (N.D.Ohio 1983) (plaintiffs liable for attorney's fees under § 1988 where they were aware from the outset that their claim was frivolous and without foundation). Second, plaintiff has never come forward, despite many opportunities to do so, with any evidence to support his allegations. See Teasdale, 733 F.2d at 569 (plaintiff liable for § 1988 attorney's fees where it was unable to produce any admissible evidence supporting its claim). Third, plaintiff never, with the exception of the instant motion, responded or contested any of defendants' motions. See Davis v. Braniff Airways, Inc., 468 F.Supp. 10, 15 (N.D.Tex.1979) (plaintiff liable *287 for defendant's attorney's fees where plaintiff did not respond to defendant's motion). Fourth, two (2) of the named defendants (Miller and Sennewald) are not mentioned at all in plaintiff's complaint and plaintiff's complaint did not allege any personal involvement on the part of another named defendant (Duey). See Gerena-Valentin v. Koch, 739 F.2d 755, 761 (2d Cir. 1984) (§ 1988 attorney's fees awarded to two defendants as to whom complaint was groundless); Durrett v. Jenkins Brickyard, Inc., 678 F.2d 911 (11th Cir.1982) (plaintiff named wrong defendant). Finally, plaintiff continued to litigate his claim and did not voluntarily dismiss same, even as to defendants Miller, Duey and Sennewald, after it became apparent from defendants' motions that his claim was truly groundless. See Goff v. Texas Instruments, Inc., 429 F.Supp. 973, 976 (N.D.Tex. 1977) (plaintiff liable for defendant's attorney's fees where he refused to voluntarily dismiss case following defendant's motions).
Under these circumstances, an award of attorney's fees to defendants is justified. Defendants have been forced to defend a lawsuit that was baseless from its inception. However, defendants are not the only victims in this case, because "the entire public inevitably suffers when a vindictive plaintiff squanders limited judicial resources by prosecuting frivolous lawsuits." Teasdale, 733 F.2d at 570. An award of attorney's fees in this case will further the purpose of deterring groundless lawsuits. Christiansburg, 434 U.S. at 420, 98 S.Ct. at 699. This Court is sympathetic to plaintiff's plea of indigency. Nevertheless, this Court agrees that "[t]he `nothing to lose' syndrome of in forma pauperis proceedings cannot be permitted to become an expensive drain on employers to satisfy the whim of heedless or spiteful ex-employees." Moss v. ITT Continental Baking Co., 468 F.Supp. 420, 421-22 (E.D.Va.1979).
Accordingly, this Court holds that defendants are entitled to an award of attorney's fees against plaintiff.

III. AMOUNT OF ATTORNEY'S FEES
"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). Beyond calculation of this so-called "lodestar" figure, both the Supreme Court and the Eighth Circuit have approved of the use of several other factors first enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). Blum v. Stenson, ___ U.S. ___, ___, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891, 895-96 (1984); Hensley, 461 U.S. at 424, 103 S.Ct. at 1937 n. 3; Allen v. Amalgamated Transit Local 788, 554 F.2d 876, 884 (8th Cir.), cert. denied, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); Firefighters Institute for Racial Equality v. City of St. Louis, 549 F.2d 506, 516 (8th Cir.), cert. denied, 434 U.S. 819, 98 S.Ct. 60, 54 L.Ed.2d 176 (1977). Generally, the Johnson factors, in addition to the number of hours and the hourly rate, include: 1) the novelty and difficulty of the questions presented; 2) the skill needed to perform the legal service properly; 3) the preclusion of other employment by the attorney due to acceptance of the case; 4) whether the fee is fixed or contingent; 5) time limitations imposed; 6) the results obtained; 7) the experience, reputation and ability of the attorneys; 8) the "undesirability" of the case; 9) the nature and length of the professional relationship with the client; and 10) fee awards in similar cases. Several of these are not relevant herein.
In the case at bar, defendants' attorney, Ira L. Blank, spent 43.2 hours on this case. His customary rate is $85.00 per hour. He has been practicing law for five (5) years and specializes in the area of labor and employment law. A fellow associate, Joyce S. Samet, spent 3.1 hours on this action. Her customary rate is $55.00 per hour. Thus, the total billable value of the work performed by defendants' counsel was $3,562.50. However, because defendant Continental is a long-time client of said *288 counsel, defendants were billed for only $2,142.00 and this is the amount sought by defendants.
Although this Court finds the hourly rates charged by defendants' counsel to be reasonable, the number of hours spent on this case, especially by an attorney who claims to be "an experienced attorney in the area of employment discrimination," Memorandum In Support of Defendants' Motion For Award Of Attorney's Fees at 9, is not reasonable. The legal questions presented in this case were neither novel nor complex. These questions concerned the statute of limitations in a Title VII action, the availability of 42 U.S.C. § 1981 for a claim of sex discrimination, and the collateral estoppel effect of a state administrative agency finding. The legal principles governing these issues are well-settled and are not difficult to find, even by an attorney who is inexperienced in the field of employment discrimination law. Two (2) other issues were: 1) whether a complaint that does not mention a named defendant or does not allege personal involvement by a named defendant states a valid claim under § 1981; and 2) whether a retaliatory discharge claim can be maintained under § 1981 where the only discrimination charge was filed against the employer after the plaintiff was discharged. This Court finds it hard to believe that any legal research was required to dispose of these two (2) issues. Nevertheless, a total of 34.7 hours were spent on legal research. In addition, 9.3 hours were spent on travel, telephone calls, letters and conferences, and 2.3 hours were spent reviewing files. It is not surprising that defendants were not billed for the full dollar value of the hours actually spent on this action. Ordinarily, this Court would refrain from second-guessing decisions of counsel as to the time that must be spent on a case. However, an award of attorney's fees to a prevailing defendant in a civil rights case is a matter within the sound discretion of a trial court and where, as here, the hours spent are clearly excessive a court should endeavor to arrive at an appropriate hourly figure. It is the opinion of this Court that 20 hours is a reasonable number of hours for fully disposing of the issues in this case and, at $85.00 per hour, this number of hours results in a fee of $1,780.00. The various Johnson factors do not warrant any adjustment in this figure.
Plaintiff's indigency, however, does warrant a downward adjustment in defendants' fee award. Indigency of a civil rights plaintiff, while not controlling on the issue of defendants' right to attorney's fees, is relevant to the amount of the award. "[T]he trial court has broad discretion to reduce the fee award in light of mitigating factors, such as ... the relative economic status of the litigants." Arnold v. Burger King Corp., 719 F.2d 63, 68 (4th Cir.1983). See also Id. at 68 n. 7. Consideration of this factor reflects the fact that the purpose of prevailing defendant fee awards in groundless civil rights suits is to deter similar suits and not to make the defendant whole. Christiansburg, 434 U.S. at 420, 98 S.Ct. at 699. In the opinion of this Court, a reduction of defendants' award to $1,000.00 is justified by the relative economic status of the parties and an award of $1,000.00 constitutes an adequate deterrent to baseless civil rights actions.
Accordingly, defendants are awarded $1,000.00 in attorney's fees against plaintiff.