**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**KENNETH BALK AND ASSOCIATES, INC., Defendant.**

No. 84–1959C(1).

United States District Court,
E.D. Missouri.

Jan. 10, 1986.

See also, 616 F.Supp. 637.

James R. Neely, Jr., Gretchen D. Huston and Ferne P. Wolff, St. Louis, Mo., Johnny J. Butler and Michael A. Middleton, Washington, D.C., Morgan Stewart, St. Louis, Mo., for plaintiff.

G. Carroll Stribling, Jr., Fordyce & Mayne, P.C., Clayton, Mo., for defendant.

## MEMORANDUM

NANGLE, Chief Judge.

This cause is before the Court on the motion of defendant Kenneth Balk and Associates, Inc. (KBA) for an award of attorney's fees as part of costs under § 706(k) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) (1982). That section provides as follows:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

In *Christiansburg Garment Company v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978), the Supreme Court set the standard for the award of attorney's fees to prevailing defendants in a Title VII action. Under that standard, a court may award attorney's fees only if at times plaintiff's claim was frivolous, unreasonable, or without foundation when begun or that the plaintiff continued to litigate after it clearly became so. 434 U.S. at 421. The court must not engage in *post hoc* reasoning by

concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. 434 U.S. at 421–22. As the standard implies, the court must view the available evidence and applicable law as they existed at the time the suit was filed and as they developed as the case proceeded. *E.E.O.C. v. Pet, Inc.*, 719 F.2d 383, 384 (11th Cir. 1983). The reasonableness of litigation depends upon the facts of the case at the time it was brought. However, the requirement of reasonableness contemplates a duty to investigate the facts to a reasonable extent. Thus, the losing party may not plead ignorance of basic facts to defend its institution of litigation.

Here, the original litigation was an employment discrimination suit brought by the plaintiff Equal Employment Opportunity Commission (E.E.O.C.) alleging that defendant terminated Margo Mischeaux because of her race. Plaintiff established a *prima facie* case, but defendant articulated a legitimate, non-discriminatory reason for the discharge.

In the opinion of this Court, the Commission's action was so frivolous and without foundation that defendant is entitled to an award of attorney's fees. In the memorandum opinion in this case filed August 26, 1985, this Court commented on the weakness of the case presented by the Commission. As the Commission asserts, its performance is justified, because it learned only a short time before trial that defendant would present a non-discriminatory reason for Mischeaux's discharge. The Commission argues that it was unable to rebut this defense due to the imminence of trial.

 This case presented no complex or difficult issues. The Commission had five months to prepare for trial and had held an investigative hearing over one year before trial. At some point prior to trial, the Commission could have learned the reasons for Mischeaux's discharge and determined whether they were pretextual. Frequently, the gravamen of a Title VII suit is the non-discriminatory explanation set out by the employer and the evidence of pretext used to rebut this explanation. Therefore, the Commission has a duty to investigate this aspect of the case. As the Commission admits in this case, it did not investigate the reason for the discharge until two days before trial. Here, the Commission's failure is especially pertinent, because a thorough investigation would have revealed the lack of foundation for maintaining a Title VII action.

In considering the reasonableness of the Commission's litigation, this Court may consider the disparate resources of the Commission and the defendant. *See* 434 U.S. at 423, n. 20, 98 S.Ct. at 701, n. 20 (recognizing that many defendants in Title VII claims are small—and moderate—size employers for whom the expense of defending either a frivolous claim may become a strong disincentive to the exercise of their legal right). As Chief Judge Varner noted in *E.E.O.C. v. Pet, Inc.*, 719 F.2d 383, 387 (11th Cir.1983),

> It is of great concern to this court that the entire brute force of the United States Government can be brought to bear on an employer based on evidence of such superficial nature. While zeal in ferreting out invidious discrimination is absolutely necessary, the EEOC must learn that an objective evaluation of evidence is required before a suit of this nature can appear to be maintained in unquestioned good faith.

KBA holds assets of less than $2,000,000.00. For a company of this size, defense of a Title VII action represents a significant burden. In granting attorney's fees, it is not the intent of this Court to diminish the fervor with which the E.E.O.C. fulfills its statutory mission. However, given the consequences of litigation upon smaller companies, the E.E.O.C. must litigate only after an "objective evaluation of evidence", and such evidence can be obtained only through good faith investigation of the facts. Under the above circumstances, this Court finds that this lawsuit was without foundation and, therefore, that defendants are entitled to an award of attorney's fees against plaintiff.

The amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). This lodestar figure may be adjusted by a number of factors. *Blum v. Stenson,* 465 U.S. 886, 888, 104 S.Ct. 1541, 1543, 79 L.Ed.2d 891 (1984); *Allen v. Amalgamated Transit Local 788,* 554 F.2d 876, 884 (8th Cir.1977), *cert. denied,* 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977). These factors include the following: 1) the novelty and difficulty of the questions presented; 2) the skill needed to perform the legal service properly; 3) the preclusion of other employment by the attorney due to acceptance of the case; 4) whether the fee is fixed or contingent; 5) time limitations imposed; 6) the results obtained; 7) the experience, reputation, and ability of the attorneys; 8) the undesirability of the case; 9) the nature and length of the professional relationship with the client; and 10) fee awards in similar cases. *Wilson v. Continental Manufacturing Company,* 599 F.Supp. 284 (E.D.Mo.1984).

 Attorney G. Carroll Stribling, Jr. spent 125.4 hours on this case. His customary rate is $75.00 per hour. Attorney James D. Eckhoff spent 2.1 hours on the case and also bills at a rate of $75.00 per hour. Other attorneys billing at a rate of $65.00 per hour spent a combined total of 8.1 hours. Thus, the total billable amount of the work performed by defendants' counsel was $10,089.00.

This Court finds the number of hours spent by defendants' counsel and their hourly rates to be reasonable. However, the relatively straightforward issues presented by this case warrant a downward adjustment in defendants' fee award. In the opinion of this Court, a reduction of defendants' award to $5,045.00 is justified by the lack of complex questions presented. This Court finds an award of $5,045.00 adequate to compensate counsel and to protect defendants with modest economic resources from frivolous lawsuits. Accordingly, defendants are awarded $5,045.00 in attorney's fees against plaintiff.

Under Rule 24, Rules of the United States District Court for the Eastern Judicial District of Missouri, the party recovering costs is required to file a verified bill of costs on forms provided by the Clerk of the Court. Defendants are directed to follow the procedure outlined in the local rules for recovery of their costs.