EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Appellant,

v.

KENNETH BALK & ASSOCIATES,
INC., Appellee.

No. 86–1147.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 14, 1986.

Decided March 11, 1987.

Rynthia Manning Rost, Washington,
D.C., for appellant.

G. Carroll Stribling, Jr., St. Louis, Mo.,
for appellee.

Before HEANEY, Circuit Judge, FLOYD
R. GIBSON, Senior Circuit Judge, and
BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

The Equal Employment Opportunity
Commission (EEOC) appeals from the dis-
trict court's order, 626 F.Supp. 270, award-
ing attorneys' fees to Kenneth Balk and
Associates (KBA), the prevailing defendant
in an employment discrimination suit that
the EEOC brought. Because the record
fails to establish that the EEOC's suit was
frivolous, unreasonable, or without founda-
tion, the district court erred in awarding
attorneys' fees to KBA. We therefore re-
verse.

**BACKGROUND**

KBA discharged Margo A. Mischeaux, a
black woman, in March, 1983, and Mis-
cheaux filed an employment discrimination
charge with the EEOC on March 23, 1983.
After investigating Mischeaux's claim and
holding a fact-finding conference with KBA
on July 14, 1983, the EEOC determined on
January 29, 1984, that reasonable cause
existed to believe that KBA discharged
Mischeaux because of her race. KBA de-
clined the EEOC's offer to participate in
conciliation on March 16, 1984, contending
that it had not discriminated against Mis-
cheaux. On August 20, 1984, the EEOC
filed its complaint in the district court.

Following three days of trial from Febru-
ary 11 to February 13, 1985, the district
court continued the proceedings to enable
the parties to conduct additional discovery.
On February 27, 1985, the district court
heard additional evidence and granted the
parties time to file post-trial briefs as well
as proposed findings of fact and conclu-
sions of law. On August 26, 1985, 616
F.Supp. 637, the district court entered judg-

198

ment in favor of KBA. Testimony from Mischeaux's supervisor at KBA persuaded the court that she had been discharged for legitimate, nondiscriminatory reasons. The court rejected the EEOC's argument and evidence that KBA's reasons were pretextual.

Subsequently, the district court awarded KBA $5,045.00 in attorneys' fees (half of the amount requested) pursuant to a motion under 42 U.S.C. § 2000e–5(k). The EEOC's timely appeal from this order followed.

### DISCUSSION

■ A prevailing defendant in a discrimination suit under Title VII of the Civil Rights Act of 1964 may recover attorneys' fees if the plaintiff's case was frivolous, unreasonable, or without foundation. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421–22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). In announcing this standard, the Supreme Court cautioned districts courts to avoid hindsight logic that equates frivolousness with the plaintiff's ultimate failure to prevail. *Id.* at 422, 98 S.Ct. at 700. Even "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg.*" *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). So long as the plaintiff has "some basis" for the discrimination claim, a prevailing defendant may not recover attorneys' fees. *Obin v. Dist. No. 9 of International Ass'n of Machinists,* 651 F.2d 574, 587 (8th Cir.1981).

■ The record in this case reveals that the EEOC has "some basis" for its contention that KBA discriminated against Mischeaux. The claim was not so baseless that KBA sought either a pretrial dismissal or summary judgment. Similarly, KBA never moved for a directed verdict during the trial, which consumed four days. *See Robinson v. Monsanto Co.,* 758 F.2d 331, 336 (8th Cir.1985) (five-day trial indicative that plaintiff's case not frivolous). Moreover, the district court directed the parties to submit post-trial briefs as well as proposed findings of fact and conclusions of law before taking the case under submission. *See Jones v. Texas Tech University,* 656 F.2d 1137, 1146 (5th Cir.1981) (district court's careful consideration of merits some indication that suit is not frivolous). Finally, the district court's findings of fact and conclusions of law reveal that it based its decision on the resolution of conflicting evidence and testimony. However unpersuasive the EEOC's evidence ultimately proved to be, this evidence provided "some basis" for the EEOC's claim. Accordingly, the district court misapplied the *Christiansburg* standard, and we reverse its award of fees to KBA.