# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2704

_____

Charles E. Williams,                              *
                                                  *
            Appellant,                            *
                                                  *
     v.                                           *
                                                  *
City of Carl Junction, Missouri;                  *
James "Jim" Wisdom, Mayor, City of                *   Appeal from the United States
Carl Junction, In his individual and             *   District Court for the
official capacities; John Hofer, Chief           *   Western District of Missouri.
of Police, City of Carl Junction, In his         *
individual and official capacities;              *
Joseph "Joe" Barfield, City                      *
Administrator, City of Carl Junction,            *
In his individual and official                   *
capacities,                                      *
                                                  *
            Appellees.                            *

_____

Submitted: March 10, 2008
Filed: May 2, 2008

_____

Before WOLLMAN, BOWMAN, and MELLOY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Charles E. Williams appeals a District Court judgment awarding attorney fees under 42 U.S.C. § 1988(b) to the City of Carl Junction, Missouri, (the "City") and to

the City's Mayor, Administrator, and Police Chief (collectively, "defendants"). The District Court awarded over $157,000 in fees after this Court affirmed the entry of summary judgment for defendants in Williams's 42 U.S.C. § 1983 suit. Because the record fails to establish that Williams's claims were frivolous, unreasonable, or without foundation, we reverse the award of attorney fees.

Williams is a resident of the City and a self-proclaimed gadfly. He frequently attended and spoke out at city council meetings, criticizing the City's policies and administration. In addition, he often expressed his displeasure with the City's administration by shouting profanities and making obscene gestures to City officials at other venues. In a two-year period beginning in July 2002, Williams was issued twenty-six separate citations for violations of various municipal ordinances.

On June 21, 2004, Williams filed a complaint alleging that the individual defendants conspired to issue and issued the citations in retaliation for Williams's exercise of his First Amendment rights. Williams also asserted that the City had a widespread custom or practice of allowing such unconstitutional conduct. Specifically, Williams brought claims for First Amendment retaliation under § 1983, conspiracy to retaliate under § 1983,[1] malicious prosecution, and intentional infliction of emotional distress. In response to defendants' motion for summary judgment, Williams abandoned his state-law claims. The District Court granted summary judgment in defendants' favor on the remaining § 1983 claims. On appeal, we affirmed the entry of summary judgment. Williams v. City of Carl Junction, Mo., 480 F.3d 871 (8th Cir. 2007). Defendants then moved the District Court for an award of attorney fees incurred at the district court level and on appeal. The District Court determined that Williams had failed to offer any factual or evidentiary basis for alleging that defendants had a retaliatory motive for issuing the citations, and the

---

[1]Williams originally brought his conspiracy claim under 42 U.S.C. § 1985, but the District Court allowed him to amend it to a § 1983 claim during the summary judgment stage.

District Court therefore deemed Williams's claims frivolous. The court awarded defendants $157,934 in attorney fees under 42 U.S.C. § 1988(b).

We review the District Court's award of fees under § 1988(b) for abuse of discretion. Dillon v. Brown County, Neb., 380 F.3d 360, 365 (8th Cir. 2004). Pursuant to § 1988, a district court may award attorney fees to a prevailing party in a lawsuit brought to enforce a provision of § 1983. A prevailing defendant, however, "'is entitled to attorney's fees only in very narrow circumstances.'" Marquart v. Lodge 837, Int'l Ass'n of Machinists, 26 F.3d 842, 848 (8th Cir. 1994) (quoting Eichman v. Linden & Sons, Inc., 752 F.2d 1246, 1248 (7th Cir. 1985)). "'[A] plaintiff should not be assessed his opponent's attorney's fees'" unless the district court "'finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" Hughes v. Rowe, 449 U.S. 5, 15 (1980) (per curiam) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978)). Even "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg." Id. at 15–16. Rather, "[s]o long as the plaintiff has 'some basis' for [his] claim, a prevailing defendant may not recover attorneys' fees." EEOC v. Kenneth Balk & Assocs., Inc., 813 F.2d 197, 198 (8th Cir. 1987) (quoting Obin v. Dist. No. 9 of the Int'l Ass'n of Machinists, 651 F.2d 574, 587 (8th Cir. 1981)). Finally, we are mindful of the Supreme Court's admonition to avoid "*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421–22.

The record reveals that Williams's § 1983 claims were not groundless; i.e., they had "some basis" as required by Kenneth Balk, 813 F.2d at 198. The District Court based its decision to award fees on its determination that Williams could not meet his burden under § 1983 of proving that defendants' actions were motivated, at least in part, by Williams's exercise of his free-speech rights. See Kilpatrick v. King, 499 F.3d

759, 767 (8th Cir. 2007) (ruling that to prevail in an action for First Amendment retaliation, a plaintiff must prove that retaliatory motive was a substantial factor in the defendants' decision to take adverse action against the plaintiff). The court found Williams's claims "frivolous at the outset because he never had a factual basis to support his speculation concerning Defendants' motives." Order of June 25, 2007, at 5. To be sure, Williams presented no direct evidence that defendants issued him the twenty-six municipal citations in retaliation for his vocal criticism of city policies and officials. Retaliatory motive, however, may be proved by circumstantial evidence giving rise to an inference of retaliatory intent. See Kilpatrick, 499 F.3d at 767–69; Zoll v. E. Allamakee Cmty. Sch. Dist., 588 F.2d 246, 250–51 (8th Cir. 1978).

Williams presented undisputed evidence that defendants issued him twenty-six citations for various violations of City ordinances in a period of less than two years. For example, from July 25, 2002, through November 22, 2002, Williams received twelve citations for failing to have two (rather than one) licenses for his business at which he sold automobiles and also repaired some of the automobiles before sale.[2] When the Police Chief issued him the second and third citations, Williams responded with obscene words and gestures. Between the sixth and seventh citations and between the seventh and eighth citations, Williams appeared at city council meetings to voice his disapproval of city policies. After the twelfth citation was issued, a trial was held on all the citations, and Williams was found not guilty of all but one. This evidence, while not sufficient to support Williams's claims on summary judgment,[3]

---

[2]During the same four-month period, Williams was given six additional citations for purportedly violating other municipal ordinances.

[3]In our opinion affirming the entry of summary judgment for defendants, we determined that Williams failed to show that the police officers lacked probable cause to issue twenty-five of the twenty-six citations. Williams, 480 F.3d at 877 (not reaching the retaliatory-animus element). For the remaining citation, we held that Williams failed to present evidence that the officer issued the citation in retaliation for Williams's protected speech. Id. at 878.

is nonetheless the type of evidence that could give rise to an inference of retaliatory motive. See Kilpatrick, 499 F.3d at 768–69 (ruling that temporal proximity—the timing of a defendant's actions in relation to the timing of a plaintiff's protected activity—can give rise to an inference of retaliatory motive); Wilson v. Northcutt, 441 F.3d 586, 592 (8th Cir. 2006) (same).

The sheer number of citations and the timing of those citations present at least a colorable argument that motive could be inferred. This fact distinguishes this case from others in which an award of attorney fees was upheld on appeal. See, e.g., Flowers v. Jefferson Hosp. Ass'n, 49 F.3d 391, 392 (8th Cir. 1995) (affirming award of fees where the only evidence offered of the defendant's allegedly unconstitutional motivation was the plaintiff's opinion and the unsupported testimony of another witness); Am. Family Life Assurance Co. v. Teasdale, 733 F.2d 559, 569 (8th Cir. 1984) (affirming award of fees where district court found that the suit was vexatiously brought in bad faith to harass and attack the integrity of the defendant). Indeed, this case is similar to cases which, though unsuccessful, were not deemed frivolous or at all out of the ordinary. See, e.g., Osborne v. Grussing, 477 F.3d 1002, 1006–07 (8th Cir. 2007) (involving First Amendment claim alleging selective enforcement of county ordinances without direct evidence of retaliatory motive on the part of local government enforcers); Wilson, 441 F.3d at 592–93 (involving First Amendment claim alleging retaliatory towing of vehicle without evidence of the defendant's retaliatory intent).

Although we determined on direct appeal that summary judgment was appropriately entered for defendants, Williams's allegations "deserved and received the careful consideration of both the District Court [in a thirty-six-page opinion] and the Court of Appeals [in a ten-page opinion]." Hughes, 449 U.S. at 15; see also id. at 15 n.13 (noting that the district court "dismissed petitioner's claims only after detailed consideration resulting in a seven-page opinion"). Because Williams's case presented colorable arguments that were not frivolous or unreasonable, the District Court abused

its discretion by determining that this case fell in the narrow category of civil-rights cases warranting an award of attorney fees to the defendant. We therefore reverse the award of attorney fees.

_____