U.S. EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Plaintiff,

v.

MID–MINNESOTA FEDERAL CREDIT
UNION, Defendant.

Civ. No. 5–89–84.

United States District Court,
D. Minnesota,
Fifth Division.

April 8, 1993.

Reuben Daniels, Jr., Supervisory Trial Atty., Dennis R. McBride, Senior Trial Atty., Marvis L. Hicks, Trial Atty. and E.E.O.C., Milwaukee, WI, for plaintiff.

Barbara Jean D'Aquila, Cory Larsen Bettenga, and Moss & Barnett, Minneapolis, MN, counsel for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on the defendant's motion for attorney's fees under both 28 U.S.C. § 2412(d) and 42 U.S.C. § 2000e–5(k) and sanctions under Rules 11 and 26 of the Federal Rules of Civil Procedure. Based on the file, record and proceedings herein, the defendant's motion is denied.

## BACKGROUND

Plaintiff Equal Employment Opportunity Commission ("EEOC") sued defendant Mid–Minnesota Federal Credit Union ("Mid–Minnesota") for sex discrimination on behalf of Leslie Valesano. Mid–Minnesota em-ployed Valesano as a bank teller from August 9, 1982, until it fired her on October 21, 1985. The EEOC alleged that Mid–Minnesota fired Valesano because she was pregnant and that firing her for that reason violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Mid–Minnesota argued that it fired Valesano because of her unwillingness to respect authority and follow directions and her insubordinate remarks to the head teller.

Mid–Minnesota moved for summary judgement on Valesano's discrimination claim. The court granted Mid–Minnesota's motion, finding that:

> Valesano's act of insubordination on October 10, 1985, during which she told her supervisor to "get off her back" as well as her failure to follow her supervisor's orders provided a legitimate, non-discriminatory reason for terminating her employment. . . . Thus, even though Valesano may have been in a protected class, Mid–Minnesota did not violate Title VII by firing Valesano because the evidence indicates that it based its decision on Valesano's insubordination and her difficulty in getting along with her supervisor.

*Equal Employment Opportunity Comm'n v. Mid–Minnesota Fed. Credit Union,* 820 F.Supp. 428, 431 (1992).

The EEOC appealed the court's order dated March 31, 1992, on May 31, 1992. The EEOC withdrew its appeal and the court of appeals dismissed the appeal on August 7, 1992. The Clerk of the Eighth Circuit Court of Appeals sent a copy of the dismissal order to Mid–Minnesota's counsel.

Mid–Minnesota now moves for an award of attorney's fees and expenses under both the Equal Access to Justice Act ("EAJA"),[1] 28 U.S.C. § 2412(d), and Title VII,[2] 42 U.S.C.

---

**1.** The *EAJA* provides:

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

**2.** Title VII provides:

In any action or proceeding under this title the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States,

§ 2000e–5(k). Mid–Minnesota contends that an award of fees and costs is warranted because it is a prevailing party and the EEOC had no legal justification underlying its claim. Mid–Minnesota also alleges that the EEOC blatantly disregarded Rules 11, 26, 33 and 34 of the Federal Rules of Civil Procedure and asks the court to sanction the EEOC.

The EEOC contends that no award of fees and costs is warranted because Mid–Minnesota failed to comply with both the statutory time for filing a claim under EAJA and the court's local rule governing the time in which a motion for fees under Title VII must be brought. The EEOC also contends that even if Mid–Minnesota timely filed its motion for fees, no award is warranted because the requirements for such an award under EAJA and Title VII are not satisfied. Finally, the EEOC contends that it adequately complied with the Federal Rules of Civil Procedure and no sanctions are warranted.

## DISCUSSION

### 1. *EAJA*

■ Under EAJA, a party seeking an award of fees and expenses

> shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement. . . .

28 U.S.C. § 2412(d)(1)(B). "'[F]inal judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) . . . means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan,* —— U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991); *see also* 28 U.S.C. § 2412(d)(2)(G) (a final judgment is "a judgment that is final and not appealable. . . ."). "The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."

*Melkonyan,* —— U.S. at ——, 111 S.Ct. at 2162. The thirty-day filing requirement is "a mandatory, jurisdictional condition." *Olson v. Norman,* 830 F.2d 811, 821 (8th Cir.1987) (citations omitted). "Failure to submit the application within 30 days [of the final judgment] bars an award under § 2412(d)." *Id.* (citation omitted).

The EEOC appealed the court's order dated March 31, 1992, on May 31, 1992. The EEOC withdrew its appeal and the court of appeals dismissed the appeal on August 7, 1992. For purposes of EAJA, the judgment became final when the court of appeals dismissed the appeal because no further appeal of the court's order could be made. *See Keasler v. United States,* 766 F.2d 1227, 1231 (8th Cir.1985) ("We hold that the order dismissing the government's appeal is a final judgment under section 2412(d)(1)(B)."). Mid–Minnesota filed its motion for fees and expenses on October 9, 1992, more than thirty days after the judgment became final. Accordingly, Mid–Minnesota's counsel's failure to file a timely motion deprives the court of jurisdiction to award fees under EAJA. *See Olson,* 830 F.2d at 821 (thirty-day filing requirement is "a mandatory, jurisdictional condition"). The court thus denies Mid–Minnesota's motion for attorney's fees and expenses under EAJA.

■ The court notes that even if Mid–Minnesota's counsel had filed a timely motion under EAJA, the court would still deny that motion. A party cannot succeed under EAJA if the government's position was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). Substantially justified means "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988); *see also Moseanko v. Yeutter,* 944 F.2d 418, 427 (8th Cir.1991) ("The test for substantial justification is one of 'reasonableness' "). Upon review of the facts and law underlying this motion, the court finds that the EEOC rea-

---

a reasonable attorney's fee as part of the costs, and the [Equal Employment Opportunity] Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k).

sonably believed that it had a meritorious claim. The court thus concludes that even if Mid–Minnesota had filed a timely motion under EAJA, the court would deny that motion because the EEOC's position was substantially justified.

## 2. *Title VII*

█ Unlike EAJA, no statutory provision governs the time for filing a motion for fees under Title VII. Local Rule 54.3, however, provides that:

> In all ... cases in which attorney's fees are sought, [except for a motion brought under EAJA,] the party seeking an award of fees shall:
>
> 1. Within 30 days of the entry of judgment in the case, serve on all counsel of record and deliver to the court an itemized motion for the award of fees; or,
>
> 2. Within 15 days after the entry of judgment in the case, serve on all counsel of record and deliver to the Clerk of Court a Notice of Intent to Claim an Award of Attorney's Fees. The Notice shall specify the statutory or other authority for the award of fees and shall identify the names of all counsel who rendered the legal services upon which the claim is based. The Notice may propose a schedule for the presentation of motions for attorney's fees. Thereafter, the court, or the Clerk of Court acting at the court's direction, shall issue an order setting a schedule for the submission and consideration of the motion for attorney's fees and all supporting documentation.
>
> 3. For good cause shown, the court may excuse failure to comply with LR 54.3(b).

Local Rule 54.3(b) of the United States District Court for the District of Minnesota.

The court entered judgment in this case on April 1, 1992. *See* Docket # 39. Mid–Minnesota filed its motion for fees on October 9, 1992, more than 30 days after the court entered judgment. *See* Docket # 44. Mid–Minnesota thus did not comply with LR 54.3(b)(1). Mid–Minnesota filed no Notice of Intent to Claim an Award of Attorney's Fees. Mid–Minnesota thus did not comply with LR 54.3(b)(2).

Mid–Minnesota contends that it put the "EEOC on written notice of its intent to seek appropriate redress for [the] EEOC's conduct" before the court issued its March 31, 1992, order and that such notice constitutes good cause. *See* Mid–Minnesota Reply Brief at 6. Putting the opposing party on notice, however, does not comply with the terms of LR 54.3(b). The court thus finds that Mid–Minnesota has failed to demonstrate good cause for failing to timely file its motion for fees under Title VII. Accordingly, the court denies Mid–Minnesota's motion for fees under Title VII.

█ The court notes that even if Mid–Minnesota's counsel had timely filed a motion under Title VII, the court would still deny that motion. "[A] successful Title VII *defendant* may be awarded attorney's fees only 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir.1989) (emphasis in the original) (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978)). Even "[a]llegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes v. Rowe*, 449 U.S. 5, 15–16, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980) (applying *Christiansburg* to attorney's fees award under 42 U.S.C. § 1988). "So long as the plaintiff has 'some basis' for the discrimination claim, a prevailing defendant may not recover attorney's fees." *Equal Employment Opportunity Commission v. Kenneth Balk & Assoc., Inc.*, 813 F.2d 197, 198 (8th Cir.1987) (citing *Obin v. District No. 9 of Int'l Ass'n of Machinists and Aerospace Workers*, 651 F.2d 574, 587 (8th Cir.1981)).

Examination of the record reveals that the EEOC's claim was not without foundation. Valesano's supervisor made discriminatory statements about women who work and leave their small children in the care of others. Even though the court ultimately found that the EEOC adduced no "evidence indicating that Valesano's pregnancy was a factor in the

decision to terminate her employment," *see Mid–Minnesota,* Civ. No. 5–89–84 at 7, the supervisor's statements nevertheless provided the EEOC with a basis for pursuing its claims. Moreover, the court had to carefully consider the parties' briefs and factual submissions to resolve Mid–Minnesota's motion for summary judgment. *Cf. Jones v. Texas Tech University,* 656 F.2d 1137, 1146 (5th Cir.1981) (in analyzing motion for fees under 42 U.S.C. § 1988, the court's careful consideration of the merits is some indication that the suit is not frivolous). The court thus concludes that even if Mid–Minnesota's counsel had timely filed its motion for fees under Title VII, the court would deny that motion because it failed to show that the EEOC's claim was frivolous, unreasonable or without foundation.

### 3. *Sanctions Under Rules 11 and 26(g)*

■ Mid–Minnesota requests that the court sanction the EEOC for failing to comply with Rules 11 and 26 of the Federal Rules of Civil Procedure.[3] Mid–Minnesota contends that the court should sanction the EEOC under Rule 11 for pursuing a frivolous claim. Under Rule 11, an attorney who signs any pleading or other document certifies that, after reasonable inquiry, the attorney believes the pleading or document is well-grounded in fact. Rule 11

> was designed to create an affirmative duty of investigation as to law and as to fact before motions are filed. It creates an objective standard of "reasonableness under the circumstances." This was intended to be a standard "more stringent that the original good faith formula" so "that a greater range of circumstances will trigger its violation."

*National Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 554 (N.D.Cal.1987) (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1536 (9th Cir. 1986)).

Upon examination of the record, the court finds that Mid–Minnesota has not shown that the EEOC did not conduct reasonable factual and legal inquiries prior to filing its claim, pleadings and discovery responses. Moreover, the court has already found that the EEOC had a factual and legal basis for pursuing this litigation. The court thus concludes that no sanctions are warranted under Rule 11 of the Federal Rules of Civil Procedure.

■ Mid–Minnesota contends that even if no sanctions are warranted under Rule 11 the court should sanction the EEOC under Rules 26(e) and (g) because the EEOC intentionally failed to adequately respond to its discovery requests and to supplement its discovery requests. The distinction between Rule 26 and Rule 11 is that Rule 26 applies only to discovery requests and responses and Rule 11 applies · to any paper, pleading or motion. The court uses an analysis similar to that used under Rule 11 to determine whether sanctions are appropriate under Rule 26. *See e.g., In re Byrd, Inc.,* 927 F.2d 1135 (10th Cir.1991) (applying Rule 11 case law to Rule 26 motion).

Upon examination of the record, the court finds that the EEOC adequately complied with Mid–Minnesota's discovery requests. The court thus concludes that no sanctions are warranted under Rule 26 of the Federal Rules of Civil Procedure.

Based on the foregoing, the court concludes that no award of attorney's fees is warranted under EAJA, 28 U.S.C. § 2412, or Title VII, 42 U.S.C. § 2000e–5(k), and no sanctions are warranted under Rules 11 and 26 of the Federal Rules of Civil Procedure. Accordingly, **IT IS HEREBY ORDERED** that Mid–Minnesota's motion for attorney's fees and sanctions is denied.

---

**3.** Mid–Minnesota also requests sanctions under Rules 33 and 34 of the Federal Rules of Civil Procedure. Rules 33 and 34 govern the use of interrogatories and the production of documents and other items. Those rules provide no independent ground for an award of sanctions and the court will not discuss those rules except to the extent that they might be pertinent to a discussion of sanctions under Rules 11 or 26(g).