33 F.Supp.2d 817 (1999)
Michael T. HARTIG, Plaintiff,
v.
PROFESSIONAL LAUNDRY MANAGEMENT SYSTEMS, INC., Defendant.
No. 4:97-CV-1985 CAS.
United States District Court, E.D. Missouri, Eastern Division.
January 20, 1999.
*818 David M. Heimos, Heimos Law Office, Clayton, MO, Michael T. Hartig, for Michael T. Hartig, plaintiff pro se.
David L. Baylard, Partner, Christopher W. Jensen, Briegel and Baylard, Union, MO, Alan D. Arand, Vice-President, Briegel and Davis, Union, MO, for Professional Laundry Management Systems, Inc., defendant.

MEMORANDUM AND ORDER
SHAW, District Judge.
This matter is before the Court on defendant Professional Laundry Management Systems, Inc.'s motion for new trial, or in the alternative to amend judgment to include an award of attorney's fees to defendant. Plaintiff opposes the motion.

I. Background.

This action was brought by plaintiff Michael T. Hartig alleging that defendant wrongfully terminated his employment on August 1, 1997, (i) in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2611 et seq. (Count I); (ii) in retaliation for plaintiff's reporting and opposing defendant's violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (Count II); (iii) in violation of Missouri public policy for plaintiff's reporting and opposing the FLSA violations (Count III); and (iv) because of plaintiff's physical disability, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12102 et seq. (Count IV), and the Missouri Human Rights Act ("MHRA"), RSMo. §§ 213.010 et seq. (Count V).
Defendant moved for summary judgment on each count of the First Amended Complaint, and the Court denied its motion in all respects. The case was set for jury trial on October 26, 1998. On the morning of trial, plaintiff voluntarily dismissed his claims based on physical disability in Counts IV and V. The matter proceeded to trial, and the jury returned verdicts in defendant's favor on October 30, 1998.
Defendant moves for a new trial and in the alternative to amend the judgment to award it attorney's fees as a prevailing respondent under the MHRA, RSMo. § 213.111.2 (1994). Defendant asserts that plaintiff's physical disability claims were without foundation, and therefore it is entitled to attorney's fees under the MHRA. Defendant contends that "a large portion" of its total attorney's fees were "incurred specifically in the research and defense of Plaintiff's handicap discrimination claim." Def.'s Mot. New Trial, at 2.
In response, plaintiff states that he voluntarily dismissed his physical disability claims because he believed his other claims were stronger. Plaintiff argues that his MHRA disability claim could not be lacking in foundation, as it survived defendant's motion for summary judgment. Plaintiff also disputes defendant's contention that approximately half of its attorney's fees were incurred with respect to the disability claims, stating that defendant conducted very little discovery relating to those claims, and asserting that defendant's attorney fee bill clearly does not show that half of its attorney's fees were directed toward the disability discrimination claims.

II. Discussion.

A. Motion for New Trial.
Defendant moves for a new trial, but failed to file a memorandum in support or offer any argument in support of its motion. Defendant's motion is properly denied on the basis of this procedural failure. See E.D.Mo. L.R. 4.01(A). Moreover, a motion for a new trial should be granted only when the verdict is against the weight of the evidence and would result in a miscarriage of justice. Butler v. French, 83 F.3d 942, 944 (8th Cir. 1996); Shaffer v. Wilkes, 65 F.3d 115, 117 (8th Cir.1995). The verdict in this case was not against the weight of the evidence and therefore defendant's motion for new trial should be denied on the merits as well.

B. Motion to Amend Judgment.
The Court now addresses defendant's alternative motion to amend the judgment to award it attorney's fees under the MHRA. Defendant failed to file a memorandum in support of its motion, and cited no case law interpreting the MHRA attorney's fee provision *819 or otherwise supporting the motion. Defendant's motion would be properly denied on the basis of this procedural failure alone. See E.D.Mo.L.R. 4.01(A). For the following reasons, the Court also concludes it should be denied on the merits.
Federal decisions are applicable to employment discrimination cases under the MHRA. Hennessey v. Good Earth Tools, Inc., 126 F.3d 1107, 1108 n. 2 (8th Cir.1997) (citing Midstate Oil Co., Inc. v. Missouri Comm'n on Human Rights, 679 S.W.2d 842, 845-46 (Mo. banc 1984)). This Court has previously held that the Christiansburg standard, which is applied to awards of attorney's fees to prevailing Title VII defendants,[1] also applies to the analysis of attorney's fee claims under the MHRA. See Jones v. McDonnell Douglas Aircraft, No. 4:97-CV-1371 CAS (E.D.Mo. Sept. 29, 1998); Dupre v. Fru-Con Eng'g, Inc., No. 4:95-CV-401 MLM (E.D.Mo. Apr. 30, 1996).
Section 706(k) of Title VII authorizes a court to award a reasonable attorney's fee to the prevailing defendant under certain circumstances. See 42 U.S.C. § 2000e-5(k).
While a court may award attorneys' fees to a prevailing Title VII plaintiff in "all but very unusual circumstances," ... a court may not award attorneys' fees to a prevailing Title VII defendant unless the "court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."
Marquart v. Lodge 837, Int'l Ass'n of Machinists and Aerospace Workers, 26 F.3d 842, 848 (8th Cir.1994) (alteration in original) (citing Albemarle Paper Co. v. Moody, 422 U.S. 405, 415, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). This standard is similar to the language of RSMo. § 213.111.2, which permits an award of attorney's fees to a prevailing defendant only where the MHRA claim was "without foundation."
"In distinguishing between prevailing Title VII plaintiffs and prevailing Title VII defendants, the Supreme Court has articulated several policies which section 706(k) promotes." Marquart, 26 F.3d at 848. Because Congress chose the Title VII plaintiff as the vehicle for enforcing equal employment opportunities, vigorous enforcement of Title VII is encouraged. Id. Additionally, assessing attorney's fees against an employer found to have violated Title VII is a means of punishing that employer. Id. "These equitable considerations, which support a broad definition of prevailing Title VII plaintiff, are absent in the case of the prevailing Title VII defendant." Id. Therefore, more rigorous standards have been imposed for a successful defendant to recover fee awards, and "`a prevailing defendant is entitled to attorney's fees only in very narrow circumstances.'" Id. (quoting Eichman v. Linden & Sons, Inc., 752 F.2d 1246, 1248 (7th Cir.1985)).
"Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, ... `without foundation' as required by Christiansburg." Hughes v. Rowe, 449 U.S. 5, 15-16, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). A district court must focus on whether the plaintiff's claim is "void of arguable legal merit or factual support." Jones v. Texas Tech University, 656 F.2d 1137, 1146 (5th Cir.1981). "So long as the plaintiff has `some basis' for the discrimination claim, a prevailing defendant may not recover attorneys' fees." EEOC v. Kenneth Balk & Assocs., Inc., 813 F.2d 197, 198 (8th Cir.1987). The Eighth Circuit has stated its unwillingness "to award attorneys' fees where the defendant is unable to prove that the plaintiff's case is meritless." Marquart, 26 F.3d at 851.
Under the Christiansburg standard as applied to the MHRA, plaintiff's action was not without foundation. First, the Court concluded that plaintiff's complaint articulated a prima facie case of disability discrimination. Under these circumstances, plaintiff's MHRA disability claim "cannot be said to be frivolous, unreasonable, or groundless." Marquart, 26 F.3d at 845. Second, the Court found that disputed factual issues existed *820 which precluded summary judgment on the disability claims. Where a complaint presents a factual issue, an award of attorney's fees to an ultimately prevailing defendant is not appropriate. See, e.g., Davis v. City of Charleston, Mo., 917 F.2d 1502, 1505 (8th Cir.1990). Although plaintiff chose not to present his MHRA disability claim at trial, the claim was not without foundation under the appropriate standard. Therefore, an award of attorney's fees to defendant is not justified.

III. Conclusion.

For the foregoing reasons, defendant's motion for new trial and alternative motion to amend judgment will be denied.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for new trial is DENIED. [Doc. 51-1].
IT IS FURTHER ORDERED that defendant's alternative motion to amend the judgment to include an award of attorney's fees is DENIED. [Doc. 51-2].
NOTES
[1] This standard derives from the Supreme Court's decision in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).