**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 14, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-50003
_____


MICHAEL PIERCE

             Plaintiff - Appellant

     v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

             Defendant - Appellee


_____

Consolidated with
No. 05-50242
_____


DENNIS E KING

             Plaintiff - Appellant

     v.

JO ANNE B BARNHART, COMMISSIONER OF SOCIAL SECURITY

             Defendant - Appellee

_____

Appeals from the United States District Court
for the Western District of Texas

_____

Before JONES, Chief Judge, and KING and DENNIS, Circuit Judges.

KING, Circuit Judge:

     In this consolidated appeal, the plaintiffs-appellants

-1-

appeal the district court's orders denying their applications for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and under 42 U.S.C. § 406(b).  We affirm the district court's orders regarding attorney's fees under the EAJA and reverse and remand the district court's orders concerning the plaintiffs' claims for attorney's fees under § 406(b).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Michael Pierce and Dennis King filed for disability benefits under Titles II and XVI of the Social Security Act on September 15, 1997, and May 28, 1998, respectively.  After Pierce and King pursued their claims through the administrative process and were denied disability benefits, each requested a hearing before an administrative law judge ("ALJ").  Each was denied disability benefits by an ALJ, and the appeals council affirmed the ALJ's decision.

Pierce and King each filed a complaint in the United States District Court for the Western District of Texas.  Mary Ellen Felps represented both plaintiffs before the district court and continues to represent them in this court.  The plaintiffs consented to have the same magistrate judge decide their cases.

On April 4, 2003, in the case of Pierce, and April 2, 2003, in the case of King, the magistrate judge reversed the ALJ's decision and remanded the case to the Commissioner of Social Security ("Commissioner") for further administrative proceedings

on the plaintiff's disability application.[1]  In each case, the court's remand order was entered pursuant to sentence four of 42 U.S.C. § 405(g)[2] and did not award benefits to the plaintiff, but did specifically contemplate further proceedings before the Commissioner to determine whether the plaintiff was entitled to benefits.

Pierce and King filed their first applications for attorney's fees on May 5, 2003, and April 22, 2003, respectively. Each requested attorney's fees under the EAJA, 28 U.S.C. § 2412(d), or attorney's fees to be paid out of his past-due benefits pursuant to 42 U.S.C. § 406(b).[3]  On May 23, 2003, the

---

[1]  The magistrate judge entered a judgment pursuant to FED. R. CIV. P. 58 in each case.

[2]  Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2000).

[3]  According to the Commissioner, "[a]ttorneys who successfully represent Social Security benefits claimants in court may be awarded fees under both the EAJA and the specific provision found in 42 U.S.C. § 406(b), but the attorney must refund to the claimant the amount of the smaller fee awarded.  An EAJA award offsets an award under § 406(b), so that the amount of past-due benefits actually received by the claimant are increased by the EAJA award, up to the point where [the] claimant receives the full amount past-due."  Appellee's Br. at 7 (citing Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).
We also note that although Felps's contracts (included in the record excerpts on appeal) mention references to attorney's fees being payable under Titles II and XVI, attorney's fees from past-due benefits are not available under Title XVI but are payable only under Title II.  See 20 C.F.R. § 404.1703 (2005) (noting that the "past-due benefits" that a claimant may recover under § 406(b) "means the total amount of benefits payable under

-3-

magistrate judge denied attorney's fees to the plaintiffs without prejudice. With regard to the plaintiffs' applications for attorney's fees under the EAJA, the magistrate judge found that the Commissioner's position was substantially justified. The magistrate judge also determined that the claims for attorney's fees under § 406(b) were premature because the plaintiffs had not been found disabled or awarded benefits by an ALJ pursuant to the administrative review called for in the magistrate judge's remand orders. Neither Pierce nor King appealed the magistrate judge's denial of his fee application.

On June 2, 2003, the Commissioner timely appealed the magistrate judge's April 2003 sentence-four judgments that reversed and remanded the plaintiffs' disability applications. This court subsequently consolidated the two cases and scheduled the cases for oral argument for the week of May 3, 2004. On April 28, 2004, the Commissioner withdrew her appeals in the two consolidated cases. The Commissioner apparently withdrew the appeals after an ALJ had issued favorable decisions to the plaintiffs pursuant to the April 2003 remand orders from the magistrate judge. On April 29, 2004, this court dismissed the consolidated appeal.

---

title II of the Act"); see also Bowen v. Galbreath, 485 U.S. 74, 77-78 (1988) (holding that the district court may not withhold a portion of past-due benefits under Title XVI to pay attorney's fees incurred in judicial proceedings).

On July 1, 2004, Felps, on behalf of each plaintiff, moved in the district court for entry of an order of remand. Felps admitted in her motion that she was "uncertain procedurally what steps [were] necessary to reinstate the case on the docket so as to allow Plaintiff to petition for attorney's fees under the Equal Access to Justice Act . . . ." On July 15, 2004, in the case of Pierce, and July 16, 2004, in the case of King, the magistrate judge issued an order reaffirming the court's prior decision to reverse the ALJ and remand. The magistrate judge did not issue an order of remand as requested by Felps; rather, the magistrate judge determined, with regard to both plaintiffs, that "[s]ince the Court of Appeals did not address the Court's Order[,] the Court is of the opinion that the Order remains in effect" and that Felps's requested orders were "unnecessary."

On August 16, 2004, Pierce and King each filed a second application for attorney's fees under the EAJA and § 406(b). On September 24, 2004, the magistrate judge issued orders denying the plaintiffs' second applications for attorney's fees. In these orders, the magistrate judge concluded that "[s]ince this Court has already denied a very similar motion for attorney's fees and the circumstances in the case have not changed to justify an award, Plaintiff's Motion should be denied."

Pierce and King each moved for a rehearing on the second petition for attorney's fees on October 4, 2004. In each rehearing motion, Felps asserted that the court apparently

-5-

misunderstood her previous request as an application for attorney's fees only under the EAJA. According to Felps, each plaintiff was also requesting attorney's fees pursuant to § 406(b).

Although the magistrate judge responded to the motions for rehearing in separate orders (dated November 17, 2004 for Pierce and February 1, 2005 for King), the magistrate judge denied each motion for "at least four reasons." First, the magistrate judge concluded that the court had twice determined that Felps was not entitled to recover fees under the EAJA and that the circumstances in these cases had not changed to justify a different result. Second, the magistrate judge concluded that enforcement of an attorney-client contract would be improper without first viewing the contractual provisions. According to the court, Felps had not provided the court with a copy of the contract. Third, the magistrate judge found that he was unable to calculate attorney's fees under § 406(b) because Felps had not indicated whether attorney's fees had been paid or were due to other counsel for representation. Finally, the magistrate judge determined that Felps's requests for attorney's fees were "untimely" and Felps's "dilatory conduct doom[ed] her request[s]."

Pierce and King timely appealed. On July 18, 2005, this court granted the Commissioner's motion to consolidate the two cases on appeal.

-6-

## II. DISCUSSION

### A.    Attorney's Fees Under the EAJA

The plaintiffs challenge the district court's denials of their August 16, 2004 applications for attorney's fees under the EAJA. According to the plaintiffs, they have met the statutory requirements for bringing their EAJA claims and the district court erred in concluding otherwise.

We first address whether the plaintiffs' applications for attorney's fees were timely under the EAJA. An application for attorney's fees under the EAJA shall be submitted "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B) (2000). The EAJA defines "final judgment" as "a judgment that is final and not appealable." Id. § 2412(d)(2)(G). The Supreme Court has interpreted "final judgment" for purposes of § 2412(d)(1)(B) as "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). According to the Court, the thirty-day EAJA clock "begins to run after the time to appeal that 'final judgment' has expired." Id.

"Because this thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional." Briseno v. Ashcroft, 291 F.3d 377, 379 (5th Cir. 2002) (citing Clifton v. Heckler, 755 F.2d 1138, 1144-45 (5th Cir. 1985) (holding that "the statutory time limitation, as an integral condition of the sovereign's

-7-

consent to be sued, is a jurisdictional prerequisite to an award of fees under the EAJA")).  Thus, "a claimant's failure to file an EAJA application within this time constraint precludes a district court from considering the merits of the fee application."  Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).  This court reviews the jurisdiction of the district court de novo.  See Briseno, 291 F.3d at 379 (citing United States v. Sims Bros. Constr., 277 F.3d 734, 741 (5th Cir. 2001)).

In the present case, Pierce filed his initial application for attorney's fees on May 5, 2003, and King filed his initial application on April 22, 2003.  These initial applications were premature.  See Melkonyan, 501 U.S. at 102 ("In sentence four cases, the filing period [for fee applications under the EAJA] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable.").  The district court denied the applications.  The plaintiffs did not appeal the district court's decisions to deny these initial applications.

After the district court denied the initial fee applications, the Commissioner filed appeals challenging the district court's underlying sentence-four remand orders.  The Commissioner withdrew her appeals, and on April 29, 2004, this court dismissed these appeals.  Thereafter, each plaintiff filed a second application for attorney's fees on August 16, 2004.  The

-8-

district court denied the plaintiffs' second fee applications, and it is the district court's treatment of these second applications that we must review to determine whether the district court had subject-matter jurisdiction to entertain the plaintiffs' requests for EAJA attorney's fees.

Several courts have held that a court of appeals' order dismissing a government's appeal is a "final judgment" under § 2412(d)(1)(B), starting the thirty-day clock. In Keasler v. United States, 766 F.2d 1227 (8th Cir. 1985), the government timely appealed the district court's adverse decision but later dismissed the appeal. Id. at 1228. In deciding whether the plaintiff's application for attorney's fees, which was filed nine days after the government dismissed its appeal, was timely under § 2412(d)(1)(B) of the EAJA, the court found persuasive the view of the Seventh Circuit in McDonald v. Schweiker, 726 F.2d 311 (7th Cir. 1983). Id. at 1229. In McDonald, the claimant moved for attorney's fees in the district court within thirty days after the government dismissed its appeal. Holding that the claimant's motion for attorney's fees was timely under the EAJA, the Seventh Circuit concluded that "final judgment" means the completion of all appellate proceedings. McDonald, 726 F.2d at 315. Concluding that the McDonald rule was "rightly decided[,]" the Eighth Circuit in Keasler held that an "order dismissing the government's appeal is a final judgment under section 2412(d)(1)(B)[,]" which meant that the plaintiff's application,

-9-

filed within the thirty-day period, was timely under the EAJA. Keasler, 766 F.2d at 1230-31; see also Myers, 916 F.2d at 671 ("When the government dismisses an appeal, the date of dismissal commences the thirty-day period.").

Although these appellate cases were issued prior to the Supreme Court's decision in Melkonyan, courts since that decision have continued to view the thirty-day period as starting once the government withdraws its appeal. In EEOC v. Mid-Minnesota Federal Credit Union, 820 F. Supp. 432 (D. Minn. 1993), the EEOC appealed the district court's adverse order, but the appellate court later dismissed the appeal after the EEOC withdrew its appeal. The court stated that "[f]or purposes of EAJA, the judgment became final when the court of appeals dismissed the appeal because no further appeal of the court's order could be made." Id. at 434. Because the claimant filed its motion for fees more than thirty days after the appellate court dismissed the appeal, the court concluded that it lacked jurisdiction to award fees under the EAJA. Id.

In addition to the judicial decisions interpreting this provision, legislative history also supports our view that the thirty-day clock in these cases started when this court dismissed the Commissioner's appeals. When Congress added a statutory clause defining "final judgment" under the EAJA as "a judgment that is final and not appealable," it included an example in the legislative history indicating that the thirty-day period begins

-10-

once the government dismisses its appeal.  See H.R. REP. NO. 99-
120(I), at 22 n.26 (1985), reprinted in 1985 U.S.C.C.A.N. 132,
151 n.26 ("When the Government dismisses an appeal, the date of
dismissal commences the thirty-day period.").

    We hold that where, as here, the government dismisses its
own appeal, the date of dismissal commences the thirty-day
period.  In the present case, the plaintiffs filed their
applications more than three months after this court dismissed
the government's consolidated appeal.  These applications, under
our holding, were clearly untimely under the EAJA, depriving the
district court of jurisdiction to consider the merits of the
applications.

    In an effort to avoid being found "untimely" under the EAJA,
the plaintiffs contend that the magistrate judge's orders
reaffirming his prior decisions[4] were "final judgments" under the
EAJA, entitling them to new thirty-day periods to file their
requests for attorney's fees.  The magistrate judge, however, did
not issue orders of remand as requested by the plaintiffs.
Rather, the magistrate judge found these separate requests
"unnecessary," concluding that his previous sentence-four
judgments in these cases remained in effect.  Accordingly, the
magistrate judge merely reaffirmed his prior decision in each
case.  To adopt the plaintiffs' view would allow claimants, who

_____

    [4]  For Pierce, this order was dated July 15, 2004, and for
King, this order was dated July 16, 2004.

-11-

are trying to meet the statutory requirements but have otherwise failed to fall within the EAJA's thirty-day period, to seek orders reaffirming prior decisions in order to start new EAJA filing periods. Because the plaintiffs' interpretation of "final judgment" is not supported by the decisions interpreting § 2412(d)(1)(B) and because it creates an incentive for claimants to create new "final judgments" for purposes of the EAJA clock, we decline to adopt this view. Instead, we hold that the district court lacked subject-matter jurisdiction to consider the plaintiffs' applications for attorney's fees under the EAJA. Having reached this conclusion, we need not address the other reasons adduced by the magistrate judge for his decision.

**B.    Attorney's Fees Under § 406(b)**

We next consider the plaintiffs' arguments that the district court did not show a proper legal basis for denying attorney's fees under 42 U.S.C. § 406(b). In so contending, each plaintiff claims that the district court gave no reason for its finding that counsel's conduct was dilatory and there is nothing in the record to support the court's conclusion that his application was untimely. As such, the plaintiffs contend that the district court abused its discretion in denying fees under § 406(b).

Section 406(b) states:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court <u>may</u> determine and allow as part of its judgment a reasonable fee for such

-12-

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). An award of attorney's fees out of past-due benefits is discretionary, and we will not reverse a district court's denial of attorney's fees under § 406(b) absent an abuse of discretion. See Damron v. Comm'r of Soc. Sec., 104 F.3d 853, 856 (6th Cir. 1997) ("This court will reverse a fee award decision upon finding an abuse of discretion.").

Unlike the EAJA thirty-day filing period, § 406(b) does not contain a specific time period for the filing of attorney's fees. Although the Commissioner argues that there is no time period for filing a petition for attorney's fees under § 406(b), the Commissioner's view of the law is incorrect given that FED. R. CIV. P. 54(d)(2) applies to any request for attorney's fees "[u]nless otherwise provided by statute or order of the court." See Shepherd v. Apfel, 981 F. Supp. 1188, 1190 (S.D. Iowa 1997) (stating that because there is no time limit found in § 406(b) regarding the timing of applications for attorney's fees, the time limit for such applications is governed by Rule 54(d) and local rules); see also Jones v. Cent. Bank, 161 F.3d 311, 313 (5th Cir. 1998) (noting that local district court rules may provide for a different filing period for attorney's fees). The local rules for the Western District of Texas follow FED. R. CIV. P. 54(d)(2), which provides that claims for attorney's fees shall

-13-

be made by motion and that such "motion must be filed no later than 14 days after entry of judgment . . . ."  FED. R. CIV. P. 54(d)(2)(A)-(B); see W.D. TEX. CIV. R. 7(i)(1) (same fourteen-day filing period as Rule 54(d)).

When the plaintiffs in the present case filed their initial applications for attorney's fees under § 406(b), the district court denied those applications as "premature" because the plaintiffs had not been found disabled or awarded past-due benefits by an ALJ pursuant to the court's sentence-four remand orders.  In denying § 406(b) fees, the magistrate judge ordered "that Plaintiff[s'] Petition[s] for Attorney's Fees [are] DENIED without prejudice at this time, subject to being refiled should Plaintiff[s] prevail on the merits of [their] claims."  In so ordering, the district court gave the plaintiffs the opportunity to refile their § 406(b) applications at a later date, even if their refilings fell outside of the fourteen-day time period prescribed by Rule 54(d) and the local rules.  In essence, the district court provided no time limitations for the plaintiffs' second applications for § 406(b) attorney's fees, which was well within the court's discretion under Rule 54(d).  See FED. R. CIV. P. 54(d)(2)(B) (providing for a fourteen-day period for filing for attorney's fees "[u]nless otherwise provided by statute or order of the court").

When the plaintiffs refiled their applications for attorney's fees under both § 406(b) and the EAJA on August 16,

-14-

2004,[5] the district court denied the EAJA applications, but did not rule on, or even mention, the plaintiffs' applications for § 406(b) attorney's fees. It was only after Felps filed motions for rehearing that the magistrate judge ruled that the plaintiffs' § 406(b) applications were "untimely" because: (1) Felps waited "more than one year" to refile; (2) she did not attach the attorney-client contracts at issue; and (3) she did not indicate "whether fees have been paid, or are due, to any other counsel for representation at the administrative level or otherwise."

Because the district court did not originally impose a cut-off date on the plaintiffs to refile their applications, we think the district court abused its discretion when it labeled the plaintiffs' second § 406(b) applications as "untimely."[6]

As to the district court's other reasons for denying § 406(b) attorney's fees, the court also erred in faulting Felps for not submitting the contracts or providing information on the plaintiffs' other legal representation. Rule 54(d) provides that

---

[5] The Commissioner opposed the plaintiffs' EAJA applications but did not mention the requests for § 406(b) fees in her opposition.

[6] Although King had been found disabled and awarded past-due benefits by an ALJ pursuant to the district court's § 405(g) remand order when Felps filed King's second application for attorney's fees, Pierce had not. Thus, at the point Felps filed Pierce's second application, it was still "premature." Now, however, the application is no longer premature, and the district court may consider whether § 406(b) attorney's fees are appropriate on remand.

"[i]f directed by the court, the motion [for attorney's fees] shall also disclose the terms of any agreement with respect to fees to be paid for the services for which claim is made." FED. R. CIV. P. 54(d)(2)(B) (emphasis added); see also FED. R. CIV. P. 54 advisory committee's note ("If directed by the court, the moving party is also required to disclose any fee agreement, including those between attorney and client, between attorneys sharing a fee to be awarded . . . .") (emphasis added). The local rules for the Western District of Texas similarly do not require that counsel enclose a copy of the contract. See generally W.D. TEX. CIV. R. 7(i). Instead, the local rules require only that the motion for attorney's fees include supporting documents, which means a document indicating the dates and hours spent on the project, an affidavit certifying that the hours were actually expended by the attorney and are reasonable, and a brief memorandum setting forth the method by which the fees were computed, along with sufficient citation of authority. See W.D. TEX. CIV. R. 7(i)(1). Upon review of the record, it appears that Felps complied with the local rules in her requests for attorney's fees on behalf of the plaintiffs. Because Felps complied with the local rules and the district court never directed her to enclose the contracts, the district court abused its discretion in denying attorney's fees to Felps on the basis that she never enclosed the agreements.

Accordingly, we reverse and remand the district court's

-16-

decisions to dismiss the plaintiffs' applications under § 406(b) as being untimely.  In so ruling, we express no opinion on the plaintiffs' entitlement to attorney's fees under § 406(b).  See, e.g., McGraw v. Barnhart, 370 F. Supp. 2d 1141 (N.D. Okla. 2005), appeal docketed, McGraw v. Barnhart, No. 05-5079 (10th Cir. May 31, 2005).

## III. CONCLUSION

For the foregoing reasons, we REFORM the district court's denials of November 17, 2004, in the case of Pierce v. Barnhart, and February 1, 2005, in the case of King v. Barnhart, to be dismissals of the motions for attorney's fees under the EAJA for want of jurisdiction, and as so reformed, the orders are AFFIRMED.  See Briseno, 291 F.3d at 380.  We REVERSE the district court's denials of the plaintiffs' applications for attorney's fees under 42 U.S.C. § 406(b), and REMAND for further proceedings.