**Kenneth WILLARD, Appellant,**

**v.**

**Tom RAGA, Deborah Daniels, Darren Gibson, Trustees of Hidden Springs Subdivision, Respondents,**

**v.**

**Cathy Willard, Appellant.**

**No. ED 91587.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 16, 2009.

Claude C. Knight, St. Charles, MO, for appellants.

Martin L. Daesch, St. Louis, MO, for respondents.

## OPINION

PATRICIA L. COHEN, Judge.

Kenneth Willard ("Homeowner") appeals the Circuit Court of St. Charles County's judgment awarding attorneys' fees to defendant trustees of Hidden Springs Subdivision ("Trustees")[1] follow-

---

1. Trustees comprise the architectural review committee of Hidden Springs Subdivision.

ing a jury verdict in Trustees' favor on Homeowner's claim of housing discrimination under the Missouri Human Rights Act, Section 213.040 RSMo. ("the MHRA").[2] Homeowner argues that the trial court failed to properly apply the MHRA, which provides for an award of attorneys' fees to a prevailing respondent "only upon a showing that the case is without foundation." We reverse.

## Background

Homeowner purchased his home in Hidden Springs Subdivision in 2003. Hidden Springs Subdivision is governed by certain covenants, including one prohibiting alterations to dwellings in the absence of approval by the trustees of the subdivision. In 2005, Homeowner's physician diagnosed him with a progressive arthritic condition affecting his ability to walk. Thereafter, Homeowner sought Trustees' approval for a handicapped entrance to his home. To that end, Homeowner initially submitted a hand-drawn "Proposed Handicapped Entrance." The Trustees denied Homeowner's initial application and he subsequently filed an amended application containing revised drawings.

Trustees denied Homeowner's amended application by way of correspondence advising Homeowner that his amended application lacked detail in nine areas. Shortly after the second denial, Homeowner forwarded to Trustees correspondence containing a bid for proposed construction. Trustees, believing that it was Homeowner's burden to address the "nine points requiring more detail," did not respond to Homeowner's correspondence.

Homeowner filed a housing discrimination complaint with the Missouri Commission on Human Rights and received a no-tice of right to sue in August 2005. Thereafter, Homeowner filed a two-count petition with the Circuit Court of St. Charles County alleging violations of the MHRA and seeking: (1) a declaratory judgment "as to plaintiff's right to obtain approval for [a handicapped] entrance" and (2) damages for housing discrimination.

Trustees filed a Motion to Dismiss, which the trial court denied after hearing arguments and considering counsels' written submissions. Subsequently, Trustees filed their answer, asserting various affirmative defenses, as well as a five-count counterclaim alleging breaches of covenants and restrictions, and seeking actual and punitive damages. Trustees later amended their counterclaims, abandoning the initial five counts and replacing them with a request for an injunction requiring Homeowner to remove a playhouse in his yard as well as attorneys' fees under the MHRA.

Trustees filed a Motion for Summary Judgment. In a written order, the trial court denied Trustees' motion after considering "voluminous memoranda and applicable law."

The parties tried Count I, as well as Trustees' counterclaim, to the trial court and Count II, the damages claim, to a jury. With respect to Count II, Trustees moved for a directed verdict at the close of Homeowner's case on the basis, among other things, "that Plaintiff has failed to present evidence to support the most basic element of his claim, i.e. that plaintiff's request for modification was denied." In addition to arguing the merits of the directed verdict, Trustees' counsel discussed at length the impact of denial of a directed verdict on Trustees' request for attorneys' fees con-

2. Section 213.040 defines discrimination in housing, *inter alia*, as "[a] refusal to permit, at the expense of the person with the disability, reasonable modifications or existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, ..."

cluding: "And I think what that leaves us with is that the Court sends it to the jury, the Court must believe that there is some foundation[.]" At the conclusion of the arguments, the trial court denied the motion, stating: "I think it's a close issue, but I think there has been a question raised here, as slim as it might be." Trustees again moved for a directed verdict at the close of all the evidence. The trial court denied the motion without comment.

The jury rendered a verdict in Trustees' favor on Count II. Following evidence on the remaining claims, the trial court took Count I under submission. Several months later, the trial court entered findings of fact, conclusions of law and a judgment. On Count I, the trial court declared that Homeowner was entitled to construct an accessible entrance upon compliance with applicable regulations and covenants. On Count II, the trial court entered judgment for Trustees in accord with the jury's verdict. On Trustees' counterclaim, the trial court found in favor of Homeowner. Finally, on the issue of attorneys' fees, the trial court concluded that Homeowner's MHRA claim was "unreasonable and without foundation" and awarded Trustees $30,000 in attorneys' fees. Homeowner appeals the trial court's grant of attorneys' fees to Trustees.

## Standard of Review

■■■■ Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.[3]

## *Discussion*

Homeowner argues in his first point that the trial court erred when it awarded Trustees attorneys' fees pursuant to the MHRA.[4] More specifically, Homeowner contends that because he established a submissible case, the trial court erred when it awarded Trustees attorneys' fees as prevailing respondents under the MHRA. Trustees counter that because Homeowner "failed to establish any element necessary to sustain his cause of action ... the trial court did not abuse its discretion in making the attorney's fees award...."

The Supreme Court recently noted that, "[t]he Missouri legislature, in enacting the [MHRA], followed the lead of Congress in the choice of authorizing fees to private attorneys for enforcement of human rights claims, rather than relying primarily upon government agencies for such enforcement." *Gilliland v. Mo. Athletic Club*, 273 S.W.3d 516, 523 (Mo. banc 2009). To that end, the MHRA provides that a trial court may award reasonable attorneys' fees to the prevailing party, "except that, a prevailing respondent may be awarded court costs and reasonable attorney fees only upon a showing that the case is without

---

3. We note that in the argument portion of their brief, Trustees assert that the proper standard of review is *Murphy v. Carron*. However, in their headings, they suggest that the trial court's judgment should be affirmed because it did not abuse its discretion. To clarify, where, as here, the "inquiry involves the question of the trial court's authority to award attorney's fees, this court need not defer to [the trial court's] decision." *Consol. Pub. Water Supply Dist. v. Kreuter*, 929 S.W.2d 314, 316 (Mo.App. E.D.1996); *see also Tur-*

lington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir.1998) ("We review *de novo* the legal basis of a district court's decision to award attorney's fees to prevailing defendants.")

4. We decline to reach Homeowner's Point II as it is, in essence, a reiteration of Point I. In light of our decision with respect to Point I, we decline to address Point III, as it presents alternative grounds for the reversal of the attorneys' fees award.

foundation." Section 213.111.2. As the Supreme Court explained in *Gilliland,* Section 213.111.2 contains two separate standards for prevailing claimants and respondents: an award to a prevailing claimant is a "matter of course", but an award to a respondent requires a demonstration that the case is without foundation. 273 S.W.3d at 523.

■ The Supreme Court has directed that "in deciding a case under the MHRA, appellate courts are guided by both Missouri law and federal employment discrimination law that is consistent with Missouri law." *Daugherty v. City of Maryland Heights,* 231 S.W.3d 814, 818 (Mo. banc 2007). Accordingly, "[i]f the wording in the MHRA is clear and unambiguous, federal case law which is contrary to the plain meaning of the MHRA is not binding." *Brady v. Curators of Univ. of Mo.,* 213 S.W.3d 101, 113 (Mo.App. E.D.2006).

■ Guided by *Daugherty,* we turn to Missouri decisions applying the MHRA in the context of fee awards to prevailing defendants. In *Loethen v. Central Missouri Urology Clinic,* the court considered whether a trial court erred in ordering a plaintiff to pay a defendant's court costs pursuant to the MHRA. 48 S.W.3d 126 (Mo.App. S.D.2001). The court held that "[a] prevailing defendant must show, at the very least, that a plaintiff's case is frivolous, unreasonable or groundless." *Id.* at 130 (citing *Marquart v. Lodge,* 26 F.3d 842, 851 (8th Cir.1994)). Importantly, the court characterized awards to defendants as "sanctions" and warned that such awards "should be approached with circumspection." *Id.* (quotation omitted). The court noted that "[i]n determining

whether a plaintiff's claim is without foundation, a trial court must not engage in post hoc reasoning by concluding that plaintiff's action was unreasonable or without foundation because plaintiff did not prevail at trial." *Id.* at 130–31 (citation omitted). Lastly, in reversing the assessment of court costs and expenses against the plaintiff and in favor of the defendant, the court held that a "review of the facts of the case convinces us that it was not *totally devoid of any foundation, nor was it frivolously filed." Id.* at 131 (emphasis added).[5]

■ Applying the standards set out in *Loethen,* we consider whether the record supports the trial court's finding that Homeowner's claims were "unreasonable and without foundation within the meaning of [the MHRA]." Significantly, the trial court reached its conclusion even though it had previously denied the Motion to Dismiss, Motion for Summary Judgment and two Motions for Directed Verdict.

■ With respect to Trustees' Motion for Summary Judgment, the trial court stated that its ruling followed consideration of "arguments of counsel, the voluminous memoranda and applicable law," in particular, *Daugherty.* In denying the Motion for Summary Judgment, the trial court necessarily determined that Homeowner established a genuine issue of material fact. *See Daugherty,* 231 S.W.3d at 820 (claim survives summary judgment if there is a genuine issue of material fact as to whether the protested classification was a contributing factor in defendant's decision). In the context of a denial of summary judgment, our Supreme Court de-

---

5. The *Loethen* court's decision rests primarily on federal case law interpreting 42 U.S.C. § 2000-e-5(k) (Title VII) and 42 U.S.C. § 1988. We note that the MHRA, unlike Title VII or Section 1988, contains explicit language permitting costs and attorneys' fees to prevailing defendants only upon a showing that the case is without foundation. Thus, we follow federal case law only to the extent that it is consistent with the MHRA's limitation on attorneys' fees to prevailing defendants.

fines "genuine issue" as "real, not merely argumentative, imaginary or frivolous." *Id.* Thus, under Missouri law, a finding that plaintiff has raised genuine issues of material fact is contrary to a finding of frivolousness or a total lack of foundation. *See also Hartig v. Prof'l Laundry Mgmt. Sys., Inc.,* 33 F.Supp.2d 817, 819–20 (E.D.Mo.1999) (rejecting defendant's attorney fees claim under MHRA, where disability discrimination claimant prevailed on summary judgment and court found complaint presented disputed factual issues). Although we do not entirely rule out the possibility that a defendant might prove that a case is without foundation even after denial of a motion for summary judgment, we note that even "allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, groundless or 'without foundation'...." *Williams v. City of Carl Junction, Mo.,* 523 F.3d 841, 843 (8th Cir. 2008) (quoting *Hughes v. Rowe,* 449 U.S. 5, 16, 101 S.Ct. 173, 179, 66 L.Ed.2d 163 (1980)) (reversing award of attorney fees to defendant who prevailed on summary judgment); *EEOC v. Mid–Minnesota Fed. Credit Union,* 820 F.Supp. 432 (D.Minn. 1993) (even where court granted summary judgment, court's careful consideration of briefs and factual submissions justified denial of fee award to defendant).

With respect to Trustees' Motion for Directed Verdict, Trustees' counsel was understandably concerned at trial that the trial court's failure to grant a directed verdict in Trustees' favor would potentially preclude the trial court from finding that Homeowner's case was without foundation, stating during arguments on the issue at trial that:

> ... unless the Court directs the verdict in favor of the defendants, I think it's going to be very difficult for the court to entertain attorney fees on behalf of the defendant in the end if the case goes to the jury.

> The Court: Why would you think that?
> Mr. Doesch: Well, the statute says that the court can only award attorneys' fees if the Court finds that there was no foundation for plaintiffs [sic] case.

> . . .

> ... if the Court rules for the plaintiff on my directed verdict, essentially that means the Court is finding that there is some reason or some foundation for the case to go to the jury. And if it goes to the jury and it comes back and the jury renders a verdict for the defendant, I don't know if then the Court can come back and say, well, there was no foundation. If that wasn't the case probably shouldn't have gone to the jury in the first place.

> . . .

> What I'm saying is that if the case goes to the jury, then I think that it certainly implicitly says that you believe that there is some foundation for it to go to the jury, in which case if the jury comes back and finds for the defendant and it comes back to you for our request for our attorneys' fees I think it makes it very difficult.

> . . .

> I think it's going to be much more difficult for the Court to do something like that later, after that has gone to the jury, because of the statute, the way it's written about the foundation.

 The Trustees included the basis for the above argument in their written motion for directed verdict, accurately informing the trial court that: "a case may not be submitted unless each and every fact essential to liability is predicated upon legal and substantial evidence." *See Kenney v. Wal–Mart Stores, Inc.,* 100 S.W.3d 809, 814 (Mo. banc 2003). Equally important here is the well-settled notion that

" '[s]ubstantial evidence is that which, if true, has probative force upon the issues, and from which the trier of fact can reasonably decide the case.' " *Id.* (quoting *Zeigenbein v. Thornsberry*, 401 S.W.2d 389, 393 (Mo.1966)).

Following review of the parties extensive arguments and through written materials, the trial court denied Trustees' Motion for Directed Verdict, concluding: "I think it's a close issue, but I think there has been a question raised here, as slim as it might be." By submitting Homeowner's claim to the jury, the trial court necessarily determined that Homeowner produced substantial evidence from which a reasonable jury could find in favor of Homeowner on each essential element required by the verdict director, i.e., Homeowner was disabled, Trustees knew or reasonably should have known of his disability, Homeowner's requested modification was reasonable and necessary to afford him full enjoyment of his premises, Trustees denied the request, and Homeowner was thereby damaged.[6]

Indeed, the trial court explicitly found that there were disputed facts on the issue of denial/refusal to approve the modification stating: "[W]hat I'm concerned about is you want me to find as a matter of law that the defendant's actions did not constitute refusal to make a modification. And I am choking on that because I just wonder what the reviewing courts would say about that because there are some disputed facts, I think, and some are not in dispute." The trial court's finding on the denial/refusal issue is particularly significant because the Trustees argued at trial that establishing the denial was "the most basic element" of Homeowner's claim and continued on appeal to argue that the denial issue is the "most obvious failure" justifying the conclusion that Homeowner's

"lawsuit was without foundation." Under the circumstances here, we view the trial court's rejection of the two Motions for Directed Verdict as a determination that Homeowner's case was not totally devoid of any foundation within the meaning of the MHRA.

Contrary to the position they argued at trial, Trustees assert on appeal that the trial court's denial of the Motions for Directed Verdict does not play a role in assessment of whether the case was "without foundation." To support their argument, Trustees rely primarily on *Foster v. Mydas Associates*, 779 F.Supp. 614 (D.Mass.1991). However, *Foster* is of marginal assistance. As an initial matter, the trial court in *Foster* found that: "[t]his particular case ... clearly became groundless as discovery progressed and plaintiffs and their counsel should have been aware of that fact." *Id.* at 616. The trial court made no such finding here. Moreover, in *Foster*, "[t]hroughout the course of [the] case, ... [the] Court [ ] made no secret of how it viewed the merits of the plaintiffs' claims such that neither party [could] seriously claim that [the] Court [was] engaging in hindsight logic." *Id.* In this case, the record not only does not demonstrate that the trial court made clear its view that the case was meritless, it supports the opposite conclusion, i.e., that the trial court believed the case had some merit.

The Trustees also cite in support of their argument *Brown v. Borough of Chambersburg*, 903 F.2d 274 (3d Cir.1990). The court in *Brown* held that the trial court's grant of a motion for directed verdict did not, as a matter of law, preclude an award of attorney's fees under 42 U.S.C. § 1988. In so holding, the court noted that, "in denying the motions, the [district] court did not conduct an analysis

---

**6.** Although Trustees argued in the Motion for Directed Verdict that Homeowner failed to prove that his disability was a motivating fac-
tor in Trustees' decision, the trial court did not submit a verdict director requiring such a finding.

of the legal or evidentiary sufficiency of plaintiff's claims." *Id.* at 280. Here, by contrast, the trial court considered whether the facts essential to liability were predicated upon legal and substantial evidence.

The trial court had multiple opportunities to determine that Homeowner's case was without foundation but permitted the litigation to continue. Moreover, the trial court entertained thorough arguments at trial directly addressing the Trustees' position that Homeowner failed to produce evidence to support his case and explicitly found enough of a factual dispute on essential issues to submit the case to the jury. Accordingly, under the circumstances present here, the trial court erred in concluding that Homeowner's claim was "without foundation."

### Conclusion

We reverse the trial courts judgment awarding attorneys fees to Trustees under the MHRA.

KURT S. ODENWALD, P.J., and GLENN A. NORTON, J., Concur.